MARGARET F. McDEVITT, Respondent, v. "ALFRED" N. HYATT, the First Name "Alfred" Being Fictitious, the Real Name Unknown to the Plaintiff, Appellant.

First Department, December 13, 1918.

**Stay — failure to pay costs of prior action.**

Where an action in the Municipal Court of the City of New York to recover damages for injury to plaintiff's person and to her property due to defendant's negligence, has been discontinued, with costs, no part of which has been paid, the defendant is entitled to a stay of a subsequent action by the plaintiff in the Supreme Court upon substantially the same cause, except that damages are sought solely for the injury to plaintiff's person, although the plaintiff cannot, owing to her financial circumstances, pay the costs of the prior action.

SHEARN, J., dissented.

APPEAL by the defendant, Alfred N. Hyatt, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of July, 1918, denying defendant's motion for a stay of proceedings.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the appellant.

*Alexander S. Drescher* of counsel [*Isidore Oshlag* with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff heretofore, in March, 1918, brought an action in the Municipal Court, Borough of Manhattan, Seventh District, to recover damages for injury to plaintiff's person and to her property, due to defendant's negligence. Thereafter the action was discontinued, with costs, and judgment entered thereupon in said court for the amount of said costs, forty-eight dollars, no part of which has been paid. On June 13, 1918, plaintiff commenced an action in the Supreme Court, New York county, upon substantially the same cause of action, except that damages were sought solely for the injury to plaintiff's person. The sole ground urged as a reason for not granting a stay until the costs of the prior action are paid, is that plaintiff cannot, owing to her financial circum-

stances, pay the same.   The case comes in all respects within the rule laid down in *Wilner* v. *Independen' Order Ahawas Israel* (122 App. Div. 615): "The fact that a person is pecuniarily unable to pay the costs of the prior action is not an excuse sufficient to bring the case within the exception.   The reason for this rule is a wholesome one.   It has for its basis the fact that, where a party has successfully defended a prior action, he ought not to be put to the trouble and expense of defending another action predicated upon the same cause of action until he has been paid the costs awarded to him by the court in the action first commenced.   Provision is made in the statute how a person who is pecuniarily unable to prosecute an action may do so as a poor person.   (See Code Civ. Proc. § 458 *et seq*.   Here it does not appear, except by an allegation of the plaintiff's attorney, which is made upon information and belief, that the plaintiff is pecuniarily unable to pay the costs of the former action.   No affidavit is presented, nor is any excuse given by her why she has not paid such costs."

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH and PAGE, JJ., concurred; SHEARN, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order to be settled on notice.