## WEIDENFELD v. PACIFIC IMPROVEMENT CO.

### No. 202.

Circuit Court of Appeals, Second Circuit.
Feb. 14, 1939.

C. C. Daniels, of New York City (Walter John King, of New York City, of counsel), for appellant.

Larkin, Rathbone & Perry, of New York City (Welles V. Moot, of Buffalo, N. Y., and Orville C. Sanborn, of New York City, of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action was brought by Weidenfeld on October 25, 1922, to recover possession of a note of The Central New York & Western Railroad Co. payable to him in the sum of $74,746.87 and 208 bonds alleged to have been security for the note, or the sum of $500,000 in case possession of the said note and bonds could not be given to the plaintiff. The plaintiff had brought a prior action to recover possession of the same note and collateral and to obtain a judgment for $459,466.67 in case possession of the note and bonds should not be given to the plaintiff. The prior action had resulted in a judgment for the plaintiff which this court reversed with costs to the defendant in the sum of $3,209.54. The new trial made available by the reversal was not had because the plaintiff defaulted when the case was called on the trial calendar and thereafter brought the present action, which was in substance identical with the earlier one.

On June 6, 1923, the defendant obtained an order in the present action staying all proceedings until the judgment for $3,209.-54, costs in the first action, was satisfied and extending the time to answer until twenty days after the stay should be vacated as a result of payment of the judgment. The defendant interposed no answer and the action has remained stayed for about fifteen years. The plaintiff never attempted to remove the bar of the stay by paying the costs but he has twice moved to vacate the stay without such payment and each motion was denied. The defendant has made various motions to dismiss the complaint for neglect to prosecute. It failed in these motions until the last one but finally Judge Campbell, by order of February 9, 1938, dismissed the complaint on the ground that "the continuance of this case on the calendar * * * is vexatious to defendant."

■ The stay was granted in accordance with a well settled practice whereby a second action cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid. Kerr v. Davis, 7 Paige, N.Y., 53, 55; Robbins v. Rogers, 247 App.Div. 603, 604, 288 N.Y.S. 127; McDevitt v. Hyatt, 185 App.Div. 370, 173 N.Y.S. 154; Hempsted v. White Sewing Machine Co., 134 App.Div. 575, 119 N.Y.S. 620; Wilner v. Independent Order Ahawas Israel, 122 App.Div. 615, 616, 107 N.Y.S. 497; Henderson v. Griffin, 5 Pet. 151, 8 L.Ed. 79. This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter.

The first motions made by the defendant to dismiss were denied principally because the plaintiff had been stayed by an order obtained by the defendant itself and evidence was held to be lacking to show that the plaintiff was able to comply with the order and thus to have the stay vacated and also because the defendant could dispose of the action at any time by consenting to vacate the stay, interposing its answer and proceeding with the trial.

■ It may be argued that the defendant should not be allowed to deprive the plaintiff of his day in court because the latter has been unable, for financial reasons, to go on with his action by paying the costs. If such an argument should prevail the defendant here would have to run the risk and submit to the annoyance of waiting a lifetime to see whether the plaintiff, through a turn of the wheel of fortune, might be able at some distant time to pay his costs. As an alternative to indefinite waiting, the defendant would have to forego its costs and submit to the additional expense of further litigation in a case where Judge Hough's opinion on the former appeal indicated no chance of plaintiff's success. 2 Cir., 277 F. 224. Almost sixteen years have now passed with increasing risk to the defendant, owing to lapse of time and the death and failing memory of witnesses and the loss of evidence. There is no suggestion that the plaintiff can or will prosecute his claim unless the defendant in effect abandons its costs and undergoes new and large expenditures. We think that if the plaintiff wishes to prosecute his action he must pay his costs and prosecute his action as diligently as though the stay had never been granted.

Judgment affirmed.