98

which, when they came into existence, were entirely operated by steam locomotives. I may be wrong about that conclusion. If I am, my error easily can be corrected, but it seems to me to be self-evident that that is what is meant by the phrase "steam railroad," and that this insured was an employee of a steam railroad and that he was injured, if he was injured at all by an accidental injury, while he was so employed, and that, therefore, he is expressly excluded, his injuries expressly are excluded by the very terms of the contract. Concerning those terms there is no ambiguity.

 I would think also that it is almost equally clear, although not quite so clear, that the mere accidental interference with the operation of the air cooling apparatus on a car is not a "disablement" of the car as a passenger vehicle. I would not think that the breaking out of a window glass, which would have the same effect upon the temperature in the car as disablement of the air cooling apparatus, would be a "disablement" of the passenger car. That, however, is not quite so clear to me as the earlier conclusion I have stated.

John W. Morton, of Maryville, Tenn., and R. R. Kramer, of Knoxville, Tenn., for plaintiffs.

Cates, Smith & Long, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

It appearing that the defendant has incurred expense in the sum of $30 by way of deductions from its deposit for costs in three cases involving the same cause of action between the same parties heretofore voluntarily non suited by the plaintiffs, the motion of the defendant in each of the above styled cases to require the plaintiff to pay the costs of said former actions as a condition precedent to further prosecution of these suits is granted to the extent that plaintiffs be required to reimburse the defendant in the amount of $10 incurred by it in each of said non suited former actions, said reimbursement to occur within fifteen days of the filing of this memorandum. If said costs are not paid within said fifteen-day period, these cases will stand dismissed without further order.

### MARTIN v. SOUTHERN RY. CO.
### BOLING v. SAME (two cases).
#### Nos. 25–27.

District Court, E. D. Tennessee.
April 4, 1939.

### CENTRAL TRUST CO. OF ALTOONA, PA., v. SECOND NATIONAL BANK OF ALTOONA, PA.
#### No. 9231.

District Court, W. D. Pennsylvania
Feb. 23, 1939.

