**WORLD ATHLETIC SPORTS CORP.,**
**Plaintiff,**

v.

**Mahmoud Reza PAHLAVI and Fatemeh Pahlavi, Defendants.**

**No. 66 Civ. 227.**

United States District Court
S. D. New York.

Sept. 26, 1966.

---

12. Ibid, p. 6.

Moss, Wels & Marcus, New York City, for plaintiff.

McGovern, Vincent, Connelly & Soll, New Rochelle, N. Y., for defendants.

### MEMORANDUM

LEVET, District Judge.

The defendants have moved for an order "(1) dismissing this action unless the plaintiff shall, within 30 days, pay to the defendants a judgment for $10,000 costs, heretofore awarded to them in the New York Supreme Court, (2) staying the plaintiff from taking further proceedings until such payment be made, and (3) granting to the defendants such further relief as may be just."

Prior actions by the same plaintiff against the same defendants were instituted in the Supreme Court of the State of New York in 1963. The complaint in one of these actions, that against (Prince) Mahmoud Reza Pahlavi, was on an alleged check of the defendants, dated March 28, 1963, in the amount of $1,250,-000. The complaint in the companion action, that against (Princess) Fatemeh Pahlavi, was on another alleged check, dated March 28, 1963, in the amount of $1,250,000.

On August 27, 1963, the plaintiff entered two purported "default" judgments against each defendant on each check for $1,250,000 plus interest and costs, in the New York County Clerk's office. This was based upon affidavits that the summonses had been personally handed to each defendant at the TWA Terminal in Idlewild Airport (now Kennedy), New York City, on August 6, 1963, and that the defendants were in default for non-appearance.

Upon discovery of the existence of the "default" judgments, the defendants moved in the Supreme Court in 1965 to vacate them for non-service of process. Extensive hearings upon the traverse of service were held in New York City and in Iran before Irving Kirschenbaum, Referee. It was proved in substance that neither defendant had been served, nor, indeed had even been in the Western Hemisphere for several years prior to 1963, when they were supposedly served. The hearings upon the traverse were very costly to the defendants, as the proceedings required the bringing of six witnesses from Iran to New York, and the sending of two lawyers and the Referee from New York to Iran to take additional testimony there.

Thereafter, the Referee rendered his report. Upon the basis thereof and the evidence taken, Mr. Justice Irving Levey of the State Supreme Court, rendered a decision on December 7, 1965, granting the defendants' motion to vacate the judgments. The essence of the decision stated:

"I have reached the conclusion that the evidence submitted in this connection in behalf of the plaintiff is unworthy of belief and cannot be accorded any credence whatsoever. On the other hand, I have concluded that the testimony adduced in behalf of the defendants is both persuasive and of the highest quality; and, finally, that the defendants have established by an overwhelming preponderance of the credible and believable evidence that no service of process was ever effected on either of the defendants.

"Accordingly, the defendants' motions are granted, and the judgments vacated. Settle order."

As a result, the default judgments against these defendants were vacated and the fixation of costs was reserved. The Referee's fees, fixed by the State Court and paid by the defendants, alone amounted to $28,000. The State Court fixed the total costs against plaintiff at $10,000 and judgments therefor were entered. Although plaintiff appealed from the orders vacating the default judgments and the order fixing costs at $10,000, the appeal was later dismissed.

The present complaint in this court was instituted on February 7, 1966. There are two causes of action alleged, one against (Prince) Mahmoud Reza Pahlavi and the other against (Princess) Fatemeh Pahlavi. The same relief is

sought in the present complaint as that set forth in the prior state action.

The defendants answered the complaint on or about April 1, 1966, alleging that the checks were forgeries, and further that the court does not have jurisdiction.

Counsel for the defendants states that upon his own knowledge the cost to defendants for legal fees and disbursements in vacating the aforesaid state judgments were upwards of $100,000.

Counsel for the defendants states that many judgments are now open against plaintiff and that it appears that the plaintiff-corporation was dissolved for non-payment of taxes.

It appears that an F.B.I. laboratory report, dated June 29, 1965, concluded that neither of the checks dated March 28, 1963 was signed by the defendants.

■ No opposing affidavits were submitted by plaintiff; the only paper submitted was a memorandum of law. Hence, the averments of the defendants' moving papers must be taken as true. Dean v. Brubaker, 12 F.R.D. 388 (D.Mo. 1952).

Plaintiff's contentions in short are as follows:

1. Since the State Court actions were dismissed without prejudice, plaintiff has the right to bring this action, though in the Federal Court.

2. That by interposing an answer in this court, payment of the State Court costs was waived.

■ In the first place, the proceedings indicate no waiver because of an answer. The time order was as follows:

February 1, 1966. Order entered in State Court vacating the "default" judgments, but reserving the question of costs.

February 7, 1966. Federal action commenced by service of summons and complaint.

April 1, 1966. Answer served in federal court.

April 5, 1966. Judgment for costs entered in State Court.

In the second place, if the actions had been dismissed with prejudice, there would be no occasion for the present motion. The doctrine of res judicata would be applicable. Moreover, it appears that on April 1, 1966, early in the progress of this case, the defendants demanded payment of the prior costs.

■■ The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar subject matter) is now universal. Gainey v. Brotherhood of Railway & S. S. Clerks, etc., 34 F.R.D. 8, 10 (E.D.Pa.1963); 20 C.J.S. Costs § 426, p. 666; 5 Moore's Federal Practice, pp. 1193–1195. "The fact that Rule 41(d) deals only with the situation where plaintiff's prior dismissal was *voluntary* does not preclude the court, in the exercise of a sound discretion, from staying plaintiff's action pending payment of costs in a prior action where the dismissal was involuntary." 5 Moore's Federal Practice, p. 1195.

This rule has been applied in the federal courts. Kimble v. Western Union Tel. Co., 70 F. 888 (C.C.D.Del.1895); Martin v. Southern Ry. Co., 1 F.R.D. 98 (E.D.Tenn.1939); Compania Maritima Transoceanica, S. A. v. Stevenson, 11 F.R.D. 210 (S.D.N.Y.1950); Weidenfeld v. Pacific Improvement Co., 101 F.2d 699 (2nd Cir. 1939).

■ The fact that the prior suits so dismissed, as above stated, were in the State Court, does not preclude the relief defendants seek. Dean v. Brubaker, 12 F.R.D. 388 (D.Mo.1952); Buckles v. Chic., M & St. P. Ry. Co., 47 F. 424 (Cir.Ct. W.D.Mo.1891).

■ The courts of the State of New York have determined these questions in the same manner. Wilner v. Independent Order Ahawas Israel, 122 App.Div. 615, 107 N.Y.S. 497 (1st Dept. 1907); McDevitt v. Hyatt, 185 App.Div. 370, 173 N.Y.S. 154 (1st Dept. 1918); Robbins v. Rogers, 247 App.Div. 603, 288 N.Y.S. 127 (4th Dept. 1936); Assoc. Sales Analysts v. Weitz, 25 A.D.2d 64, 266 N.Y.S.2d 852 (1st Dept. 1966); Mat-

ter of Friedman's Estate, 166 Misc. 664, 2 N.Y.S.2d 999 (Sur.Ct. Kings Co. 1938).

 Although the stay of proceedings may be discretionary (Ayers v. Conser, 26 F.Supp. 95 (E.D.Tenn.1938)), the rule will ordinarily be applied unless there are special facts and circumstances presented which show that it would be unjust and inequitable to apply it. 20 C.J.S. Costs § 426, p. 667. Simms v. Carter etc. Stevedoring Co., 169 App.Div. 582. Moreover, it is generally held that the second action will be deemed vexatious until the inference is removed by some showing on the part of the plaintiff upon whom such burden rests. 20 C.J.S. Costs § 426, p. 668.

Here the undisputed facts demonstrate more than adequate reason to support the demand for the relief sought:

1. Defendants are residents of a foreign land.

2. The expenses of contesting this action are great.

3. There is sound evidence, not disputed, that the checks were forged.

4. The plaintiff appears to be insolvent and beset by other judgments.

It should be noted that Rule 2 of the Civil Rules of this court is as follows:

"Rule 2—Security for Costs

"The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

This permits any party to seek security for costs or additional security. The rule adequately justifies the relief hereinafter provided since, as a prelude to suit in this court, defendants are entitled to the security of payment of the costs of the previous actions.

The motion to dismiss, and with prejudice, is granted unless plaintiff pays and satisfies the judgment or judgments for costs in the state court action within fifteen (15) days.

Settle order on notice.