**Clarence GAUSSEN, Plaintiff,**

v.

**UNITED FRUIT COMPANY, Defendant.**

**No. 65 Civ. 1531.**

United States District Court,
S. D. New York.

May 4, 1970.

Kenneth Heller, New York City, for plaintiff.

Kenneth C. Butterfield, New York City, for defendant; Joseph R. Kelley, Jr., New York City, of counsel.

McLEAN, District Judge.

This is a seaman's action. Plaintiff obtained a jury verdict in his favor. Judge Tyler refused to set it aside, but he stated that defendant's evidence was "overwhelmingly convincing." In May 1969 the Court of Appeals reversed the judgment because of certain rulings on the admission of evidence and ordered a new trial. Gaussen v. United Fruit Company, 412 F.2d 72 (2d Cir.1969). It awarded costs of the appeal to defendant. Although the record is somewhat confused as to the amount of these costs, which apparently were erroneously computed in the first instance, I gather that as finally taxed they amounted to $749.-35. Plaintiff has not paid the costs. He now moves to restore the action to

the calendar for trial. Defendant moves to stay the trial until the costs are paid.

 The general rule is clear that the trial will be stayed until plaintiff pays the costs of a prior action involving the same claim or of an appeal. Weidenfeld v. Pacific Improvement Co., 101 F.2d 699 (2d Cir.1939); Commercial Banking Corporation v. Martel, 44 F.Supp. 792 (S.D.N.Y.1942); World Athletic Sports Corp. v. Pahlavi, 267 F. Supp. 160 (S.D.N.Y.1966).

The question is whether an exception to the general rule is to be made in favor of a seaman because of 28 U.S.C. § 1916 which provides that a seaman may sue "without prepaying fees or costs or furnishing security therefor."

Plaintiff relies on two decisions, Solomon v. Bruchhausen, 305 F.2d 941 (2d Cir.1962), cert. denied sub nom. Isbrandtsen Company v. Maximo, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963), and Gregory v. Dimock, 286 F.2d 717 (2d Cir.1961).

Solomon v. Bruchhausen is clearly distinguishable from the present case. There the district judge required a seaman who was suing for wages to put up security for costs on defendant's cross libel. The district court thought that this was required under then Admiralty Rule 50. The Court of Appeals held that Admiralty Rule 50 was inapplicable. Consequently, the order requiring the seaman wage claimant to post security in advance of the trial was clearly in violation of the statute.

Gregory v. Dimock is closer to the present situation. The Court of Appeals there held that the district court abused its discretion in staying a seaman's action in this court until he paid the costs which had been awarded to defendant upon plaintiff's voluntary nonsuit of a prior action on the same claim in the Florida court. The Court of Appeals stressed two factors: (1) the amount of the costs was increased by erroneous acts of defendant in attempting to remove the Florida action and by failing to answer promptly in that action, (2) plaintiff was indigent.

Neither of these factors is present here. In this case the costs are the normal costs of a meritorious appeal. As far as appears, plaintiff is not indigent. He does not claim that he cannot pay the costs. He is obligated to pay them. Moreover, there is reason to believe that his claim is lacking in merit. Defendant has been put to considerable expense in defending itself against this claim. To try the case again would obviously involve substantial additional expense.

 It is clear from Gregory v. Dimock that the question is one within the discretion of the district court. Upon the facts of this case, considerations of fairness weigh heavily in favor of defendant. In the exercise of the court's discretion, defendant's motion is granted. The action is stayed until plaintiff pays the costs awarded by the Court of Appeals.

So ordered.