W. C. SANDERSON, Plaintiff,

v.

FORD MOTOR COMPANY, a corporation, Defendant.

W. C. SANDERSON, Plaintiff,

v.

UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW LOCAL UNION NO. 255, Defendant.

Civ. A. Nos. 71–G–1094–NW, 71–G–1160–NW.

United States District Court, N. D. Alabama, Northwestern Division.

May 27, 1981.

Robert L. Potts, Potts & Young, Florence, Ala., for plaintiff.

Vincent McAlister, Almon, McAlister, Ashe, Baccus & Smith, Sheffield, Ala., for defendant Ford Motor Co.

Thomas N. Crawford, Jr., Cooper, Mitch & Crawford, Birmingham, Ala., for defendant Union.

## FINAL ORDER OF DISMISSAL

GUIN, District Judge.

This cause came before the court on separate motions by the defendants, Ford Motor Company and the Union, to dismiss or in the alternative to stay discovery for failure of the plaintiff to pay costs. Court costs in the amount of $2,421.80 in favor of each defendant were taxed against the plaintiff by the United States Court of Appeals for the Fifth Circuit on November 29, 1973. The district court had previously taxed costs in the amount of $453.16 against the plaintiff. The Fifth Circuit denied plaintiff's motion to postpone the execution of costs pending new trial on remand. The plaintiff has failed to make efforts to pay these amounts in more than seven years.

After careful consideration of the facts of these cases, the arguments of counsel, applicable law, and the equities of the matter, the court is of the opinion that these cases

are due to be dismissed for failure to pay costs, as more fully discussed in the memorandum opinion filed this date. It is therefore

ORDERED, ADJUDGED and DECREED that the above-styled consolidated cases be and the same hereby are DISMISSED with prejudice.

## MEMORANDUM OPINION

These two cases, which first appeared in this court in 1971, arose out of a seniority dispute between Sanderson and another employee of Ford Motor Company at its Sheffield, Alabama, plant. Dissatisfied with the settlement of the dispute,[1] Sanderson sued Ford for breach of the collective bargaining agreement, and, in a separate action in state court, sued the union for breaching its duty of fair representation and for wrongfully inducing Ford to breach the collective bargaining agreement. The union removed the case to federal court and the cases were consolidated for trial. The cases were submitted to the jury on special interrogatories, which were answered favorably to the plaintiff, and judgment was entered for the plaintiff in both actions.

The defendants appealed to the Fifth Circuit Court of Appeals which reversed the lower court's decision and remanded the case. *Sanderson v. Ford Motor Co.*, 483 F.2d 102 (1973). The appeals court held that, by erroneous instructions and interrogatories, the trial judge had in effect taken from the jury the issue of whether the union acted arbitrarily, discriminately or in bad faith, and left the jury only the question of whether Sanderson had consented to the dispute settlement. 483 F.2d at 111. The court further held that the union's activities did not contravene the collective bargaining agreement. 483 F.2d at 113. Costs were taxed against the plaintiff by the Fifth Circuit on November 29, 1973, in the amount of $2,421.80 in favor of each defendant.

It is those costs, and those previously taxed by the district court in the amount of $453.16, which cause these cases to be presently before this court. Defendant Ford Motor Company and the defendant union filed separate motions, which the court elects to treat together, to dismiss these cases or in the alternative stay discovery, since the plaintiff has not paid those costs. Due to the vexatious nature of these cases, and the lengthy time period during which they have been pending, the court is of the opinion that they should be dismissed with prejudice for failure to pay costs.

■ The general rule is well recognized that a court may enter an order staying further proceedings until costs taxed in an earlier proceeding have been paid. *See e. g., Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc.*, 346 F.2d 1012 (9th Cir. 1965); *Weidenfeld v. Pacific Improvement Co.*, 101 F.2d 699 (2d Cir. 1939); *Gaussen v. United Fruit Co.*, 317 F.Supp. 813 (S.D.N.Y.1970); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160 (S.D.N.Y. 1966); 20 C.J.S. *Costs* § 426 at 666 (1940); 5 Moore's Federal Practice ¶ 41.16 (2 ed. 1981); Fed.R.Civ.P. 41(d). Although this rule is discretionary, it is ordinarily applied unless there are special facts and circumstances which make application of the rule unjust or inequitable. *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 164 (S.D.N.Y.1966).

These cases have, in effect, been informally stayed since they were remanded from the appellate court. The plaintiff has made no effort to remove that stay and proceed to trial by payment of costs due.

■ The plaintiff's motion before the Fifth Circuit to postpone execution of costs pending new trial on remand was denied. The plaintiff, therefore, knew that in order to proceed to a new trial of this matter he would have to pay the costs taxed against him. He has made no attempt to do so. The plaintiff's attorney has stated to the court on several occasions that his client

---

1. For a thorough discussion of the facts of the case see the lengthy opinion of the Fifth Circuit Court of Appeals in this case, *Sanderson v.*

*Ford Motor Company*, 483 F.2d 102, 105–109 (5th Cir. 1973).

could not pay these costs, although it is also admitted plaintiff is not indigent. Execution would thus be worthless in attempting to collect the amount due. It is clear that this is a case of unwillingness to pay the costs rather than total inability. Plaintiff does not wish to gamble this amount of money, which would work a financial strain, on a lawsuit he does not really expect to win.

The plaintiff argues that it is unjust and inequitable to deprive him of his day in court because of his financial inability to pay the costs. It should be noted that after costs were taxed against him, the plaintiff transferred his house (of nominal value) to his wife. Furthermore, since the Fifth Circuit ruled that the union had not violated the collective bargaining agreement and that its mere refusal to press the plaintiff's grievance did not alone constitute a breach of its duty of fair representation, it appears highly unlikely that Sanderson would succeed upon a new trial. To force the defendants to proceed to trial and expend more money when the plaintiff has failed to pay them the sums rightfully due them would work a serious injustice upon the defendants.

The argument that the plaintiff should not be prohibited from litigating his case because of financial problems was addressed in *Weidenfeld v. Pacific Improvement Co.*, 101 F.2d 699 (2d Cir. 1939), a case very similar to this one. The court aptly stated:

> It may be argued that the defendant should not be allowed to deprive the plaintiff of his day in court because the latter has been unable, for financial reasons, to go on with his action by paying the costs. If such an argument should prevail the defendant here would have to run the risk and submit to the annoyance of waiting a lifetime to see whether the plaintiff, through a turn of the wheel of fortune, might be able at some distant time to pay his costs. As an alternative to indefinite waiting, the defendant would have to forego its costs and submit to the additional expense of further litigation in a case where Judge Hough's opinion on the former appeal indicated no chance of plaintiff's success. 2 Cir., 277 F. 224. Almost sixteen years have now passed with increasing risk to the defendant, owing to lapse of time and the death and failing memory of witnesses and the loss of evidence. There is no suggestion that the plaintiff can or will prosecute his claim unless the defendant in effect abandons its costs and undergoes new and large expenditures. We think that if the plaintiff wishes to prosecute his action he must pay his costs and prosecute his action as diligently as though the stay had never been granted.

101 F.2d at 700.

This very reasoning compels dismissal of these cases. A separate order to that effect is being entered simultaneously with this opinion.