681 F.2d 895
 In The Matter of HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc.,
Wellington Print Works, Inc., Debtors. Rose SHUFFMAN, As
Executrix of the Estate of Oscar Shuffman, Appellant,
v.
HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc.,
Wellington Print Works, Inc., Appellees.
 No. 991, Docket 82-5003.
 United States Court of Appeals,
Second Circuit.
 Heard May 21, 1982.
Decided June 16, 1982.
 
 David K. Shuffman, New York City, for appellant.
 Bruce R. Zirinsky, New York City, for appellees.
 Before TIMBERS, VAN GRAAFEILAND and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case, which has an almost unparalleled history of frivolous and repetitious claims, motions, petitions, demands, and appeals, arose out of the bankruptcy court's denial of appellant's claim for $80,000 sales commissions allegedly owed to appellant's deceased husband. See In re Hartford Textile Corp., 588 F.2d 872 (2d Cir. 1978), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95, reh'g denied, 444 U.S. 975, 100 S.Ct. 473, 62 L.Ed.2d 392 (1979). Before this Court heard argument on the merits for the first time, appellant already had made at least twenty-five motions, most of which were meritless and repetitious. Among them were motions to disqualify the bankruptcy judge and Hartford Textile Corporation's attorneys and for the appointment of a special prosecutor. Id. at 876. We stated then that we did not condone the course of conduct that appellant's counsel had pursued. Id. n.3.
 
 
 2
 Somewhat of the tortuous history of this litigation can be gleaned from later reported decisions of this Court. In Matter of Hartford Textile Corp., 613 F.2d 384 (2d Cir. 1979), cert. denied, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980), we said that, since the 1978 opinion was filed, appellant had "more than doubled her previous output of meritless, frivolous filings" and her applications had necessitated twenty-three en banc orders from this Court. Id. at 386. We warned appellant and her attorney then that further frivolous, vexatious, or repetitious motions might result in the issuance of injunctive restraint. Id. We affirmed the order appealed from and awarded appellees double costs.
 
 
 3
 In Matter of Hartford Textile Corp., 613 F.2d 388 (2d Cir. 1979), cert. denied, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980), we stated that appellant's activities "have grossly abused the judicial process." Id. at 391. We reversed a sua sponte order of the district court, which enjoined further litigation by appellant and her attorney, only because the order was entered without notice. Id. at 390.
 
 
 4
 The appeal in In re Hartford Textile Corp., 648 F.2d 812 (2d Cir. 1981), involved the bankruptcy court's refusal to hold the United States Attorney for the Southern District of New York in contempt for failing to investigate and prosecute a Hartford Textile Corporation officer and the Company attorney. We dismissed that appeal as frivolous and again awarded double costs.
 
 
 5
 On May 20, 1981, appellant was in our Court once again, arguing that the bankruptcy court should have granted her motion for the appointment of a receiver. In re Hartford Textile Corp., 659 F.2d 299 (2d Cir. 1981). In an opinion filed on September 16, 1981, we held that the appeal was frivolous and stated:
 
 
 6
 As of the date of the instant opinion, by actual count, we find that Shuffman during the past three years has inundated this Court with more than a hundred motions, petitions, requests, appeals and other filings, virtually all of which have been utterly frivolous, totally devoid of merit, obviously repetitive and demonstrably vexatious.
 
 
 7
 Id. at 305.
 
 
 8
 We also pointed out that the Supreme Court had denied at least twelve petitions filed by appellant's attorney and that appellant's filings in the district and bankruptcy courts had been "countless". We affirmed the order appealed from, and awarded double costs and $5,000 in damages against appellant's attorney. Shuffman's petition for certiorari was denied by the Supreme Court, --- U.S. ----, 102 S.Ct. 1714, 72 L.Ed.2d 136 (U.S.1982).
 
 
 9
 Despite our award of double costs and damages, harassment continued. Four motions seeking relief from the award were denied by this Court. Appellant returned to this Court on April 23, 1982 appealing the district court's refusal to "sua sponte advise" this Court of an alleged error in a prior district court memorandum and order and asking for the fifth time that this Court vacate its September 16, 1981 award. Matter of Hartford Textile Corp., 681 F.2d 894 (2d Cir. 1982). On May 17, 1982 we rejected this appeal for lack of jurisdiction.
 
 
 10
 On May 9, 1981, Shuffman had moved in the district court for an order vacating the district court's order of February 22, 1978, which had been affirmed by this Court in our first opinion. 588 F.2d 876. The district court denied this application on November 18, 1981. On November 25, 1981, Shuffman moved for a rehearing, and this motion promptly was denied. On January 6, 1982, Shuffman again appealed. This appeal was heard on May 17, 1982, and has since been affirmed, appellant's arguments once again having been found frivolous and completely without merit. At oral argument, we notified counsel that a hearing would be held on May 21, 1982, on the question whether an injunction should issue, and instructed counsel to appear on that day prepared to argue whether further proceedings in the matter should be enjoined.
 
 
 11
 Appellant's presentation to this Court on May 21, 1982, consisted simply of a repetition of the arguments rejected time and again by this Court. In addition, questioning of counsel disclosed that the several judgments entered against appellant and/or her attorney for costs and damages remained unsatisfied.
 
 
 12
 The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. § 1651(a) (1976). Ward v. Pennsylvania New York Central Transportation Co., 456 F.2d 1046, 1048 (2d Cir. 1972); Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 249 (2d Cir. 1961); Gordon v. U. S. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Clinton v. United States, 297 F.2d 899, 901-02 (9th Cir. 1961); Meredith v. John Deere Plow Co., 261 F.2d 121, 124 (8th Cir. 1958), cert. denied, 359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574 (1959).[1] The time has come to exercise that power and bring this litigious charade to a halt.
 
 
 13
 As we stated in our prior holdings, the proceedings initiated and pursued by appellant and her attorney have been meritless and frivolous. They have resulted in vexation, harassment and needless expense to the appellees and have placed an unnecessary burden on the courts and their supporting personnel. We are convinced that, unless precluded from so doing, appellant and her attorney will continue to make similar groundless and vexatious claims in the future and that, therefore, an injunction should issue to prevent the continuance of such harassment. Accordingly, it is hereby
 
 
 14
 ORDERED that Rose Shuffman, individually and as Executrix of the Estate of Oscar Shuffman, and her attorney David K. Shuffman, and each of them, are permanently enjoined from proceeding further in any manner whatsoever with the prosecution of the above-entitled proceeding, except (1) to seek rehearing with respect to this order by this panel or by the Court en banc, (2) to seek review of this order in the Supreme Court, and (3) to file papers responding to or opposing any application that may be made hereafter by any other party, provided that such papers are addressed solely to the arguments presented in the application and do not contain irrelevant matter; and it is further
 
 
 15
 ORDERED that Rose Shuffman, individually and as Executrix of the Estate of Oscar Shuffman, and her attorney David K. Shuffman, and each of them, are permanently enjoined from relitigating or attempting to relitigate in any court in the United States, any of the claims, causes of action, or legal issues, that have been litigated already in the above proceeding; and it is further
 
 
 16
 ORDERED that, except as permitted in the first ORDERED paragraph above, Rose Shuffman, individually and as Executrix of the Estate of Oscar Shuffman, and her attorney David K. Shuffman, and each of them, are enjoined and precluded from filing any further papers in the above-entitled proceeding in the office of the Clerk of the Bankruptcy Court, the office of the Clerk of the United States District Court for the Southern District of New York or the office of the Clerk of the United States Court of Appeals for the Second Circuit without the further order of this Court.
 
 
 17
 SO ORDERED.
 
 
 
 [1]
 Courts also have traditional powers to stay further litigation where a plaintiff has failed to pay a judgment for costs entered against him in the same matter. Gaussen v. United Fruit Co., 317 F.Supp. 813, 814 (S.D.N.Y.1970); Commercial Banking Corp. v. Martel, 44 F.Supp. 792 (S.D.N.Y.1942)