### TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Plaintiff,

v.

David L. BUTLER, James L. Grauer, James E. Kassis, and One City Centre Associates, a California Limited Partnership, Defendants.

No. 84 Civ. 3211 (EW).

United States District Court, S.D. New York.

March 27, 1986.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for plaintiff; Robert E. Gerber, of counsel.

Willkie Farr & Gallagher, New York City, for defendants; Francis J. Menton, J. Kelly Strader, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Teachers Insurance and Annuity Association of America ("Teachers"), moves for injunctive relief barring defendants from appealing this Court's decision to any court other than the United States Court of Appeals for the Second Circuit, or from collaterally attacking this Court's judgment, and for the imposition of sanctions on defendants and their counsel.

After a six-day nonjury trial of this action for breach of contract, this Court issued its findings of fact and conclusions of law in a written opinion dated January 28, 1986. The Court held that defendants had breached their obligation to negotiate with plaintiff in good faith to close a real estate financing transaction set forth in the commitment letter between the parties. The Court ordered that judgment be entered for plaintiff in the sum of $3,005,390.[1]

On Friday, January 31, 1986, this Court signed the form of judgment submitted by

---

1. *See Teachers Insurance & Annuity Ass'n of America v. Butler,* 626 F.Supp. 1229, (S.D.N.Y. 1986), familiarity with which is assumed.

plaintiff's counsel.[2] At 6:50 p.m. that evening, Eastern Standard Time, defendant One City Centre Associates filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of California. The individual defendants, David L. Butler, James L. Grauer and James E. Kassis, who did not seek Chapter 11 or any other bankruptcy relief, were granted a temporary restraining order purporting to restrain Teachers from enforcing this Court's judgment against them at 8:33 p.m. Eastern Standard Time.

On February 14, 1986, Melvyn J. Coben, the trustee appointed for the debtor One City Centre Associates, filed a first amended adversary complaint in the United States Bankruptcy Court for the Eastern District of California seeking an injunction extending the protection of the automatic bankruptcy stay under 11 U.S.C. § 362 to the nondebtor individual defendants, and further requested "an order declaring void and of no legal force or effect the entry of judgment by the United States District Court for the Southern District of New York in Case Number 84 Civ. 3211 (EW)." Thereafter, on March 3, 1986, the trustee filed a verified petition for removal in the Eastern District of California seeking to remove the case filed in this Court to the United States District Court for the Eastern District of California and to refer the removed case to the Bankruptcy Court.

Two days later, on March 5th, all the defendants, including One City Centre Associates, filed notices of appeal from this Court's judgment in both the Court of Appeals for the Second Circuit *and* the Court of Appeals for the Ninth Circuit. The defendants also "appealed" this Court's judgment to the Bankruptcy Court for the Eastern District of California, which on March 12th referred the "appeal" to the United States Bankruptcy Appellate Panel of the Ninth Circuit.

The record makes abundantly clear that the defendants are engaging in frivolous and vexatious litigation, simultaneously filing pleadings and papers in numerous courts with the sole purpose to delay and frustrate the ability of Teachers to execute judgment with respect to the non-debtor individual defendants—Butler, Grauer and Kassis. The defendants have an unquestioned right to appeal this Court's judgment to the Court of Appeals for the Second Circuit. In addition, defendant One City Centre Associates had an equally undisputed right to file a chapter 11 petition in the Bankruptcy Court for the Eastern District of California and to a stay of the execution of this Court's judgment against its pending resolution of its Chapter 11 proceeding. But the defendants, not content with exercising these rights, have attacked this Court's judgment in courts having no authority or jurisdiction to grant the relief they seek.

■ Defendants' actions amount to a blatant attempt to evade the jurisdiction and lawful processes of this Court and the Court of Appeals for the Second Circuit. Defendants can offer no authority or rationale for filing notices of appeal in any court other than the Court of Appeals for the Second Circuit. Indeed, 28 U.S.C. § 1294 expressly provides that appeals from reviewable decisions "shall be taken ... to the court of appeals for the circuit embracing the district."

■ The purported "removal" of this case from this District after the entry of judgment to the Eastern District of California is similarly without support in the law. The statute relied upon by defendants, 28 U.S.C. § 1452(a), provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court *for the district where such civil*

---

**2.** Although signed by this Court on January 31st, the judgment was not filed in the office of the Clerk of the Court until Tuesday, February 4th and entered on the Clerk's docket on February 6th.

*action is pending,* if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. *This* Court is where the action is pending. Defendants offer no authority for removing a case from a district court which has made findings of fact and conclusions of law disposing of all of the parties' claims, and signed and entered judgment thereon.[3]

■■■ While there is and can be no dispute that the debtor, One City Centre Associates, is entitled to protection under 11 U.S.C. § 362 from execution of judgment by Teachers,[4] none of the defendants, least of all the individual defendants who have not filed Chapter 11 petitions, is entitled to a declaration by an Article I judge that the entry of judgment by this Court is "void and of no legal force or effect." Plaintiff was entitled to judgment upon the issuance of this Court's findings of fact and conclusions of law on January 28th. The entry of judgment was "So ordered" by this Court when it issued its opinion on January 28th. Plaintiff submitted, and this Court signed, the judgment on January 31st, *prior* to the filing of the chapter 11 petition by One City Centre Associates. The filing of the signed judgment and entry upon the Court's docket by the Clerk of the Court required no action on the part of Teachers in violation of the stay protecting One City Centre Associates, and was a purely ministerial act performed by the Clerk of the Court in compliance with Fed.R.Civ.P. 79.

■■ Plaintiff's motion for injunctive relief is granted. Under the All Writs Act,[5] the federal courts have the power to issue all orders "necessary or appropriate in aid of their respective jurisdictions." The jurisdiction of the Court of Appeals for the Second Circuit and of this Court have been flouted by the defendants.[6] An injunction protecting and preserving the jurisdiction of the Court of Appeals for the Second Circuit and of this Court clearly is both necessary and appropriate.[7]

One City Centre Associates, David L. Butler, James L. Grauer and James E. Kassis are hereby enjoined from pursuing or initiating, either directly or through their attorneys, any appeals of or collateral attacks upon the judgment rendered by this Court in *Teachers Insurance and Annuity Association of America v. Butler,* 84 Civ. 3211 (EW), dated January 31, 1986, in any court other than the United States Court of Appeals for the Second Circuit. This injunction shall remain in effect pending determination of defendants' appeal by the United States Court of Appeals for the Second Circuit.

■■ In addition, Butler, Grauer and Kassis shall each pay to Teachers the sum of $1,500 in costs and attorney's fees as sanctions for their outrageous, if not contumacious, behavior necessitating Teachers' motion. Because this Court lacks jurisdiction over the defendants' California counsel, the

---

3. *See United States ex rel. Metal Trims Indus., Inc. v. Klein Construction Co.,* No. 83–C–2146, (N.D.Ill. Oct. 9, 1985); *Protector Corp. v. Passport Chemical Co.,* 85–C–1146, slip op. (N.D.Ill. July 23, 1985).

4. Teachers has indicated that it will make no effort to execute judgment against the debtor partnership while the stay remains in effect.

5. 28 U.S.C. § 1651.

6. Because defendants have filed a notice of appeal in the Second Circuit, the jurisdiction of that Court is most clearly at stake. Nevertheless, plaintiff is required under Fed.R.App.P. 8(a) to make an application for an injunction during the pendency of an appeal to the district court in the first instance.

7. *See, e.g., FTC v. Dean Foods Co.,* 384 U.S. 597, 608, 86 S.Ct. 1738, 1744–45, 16 L.Ed.2d 802 (1966); *Continental Illinois Nat'l Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry.,* 294 U.S. 648, 675–76, 55 S.Ct. 595, 605–06, 79 L.Ed. 1110 (1935); *Looney v. Eastern Texas R.R. Co.,* 247 U.S. 214, 221, 38 S.Ct. 460, 463, 62 L.Ed. 1084 (1918); *In re Martin-Trigona,* 737 F.2d 1254, 1261–62 (2d Cir.1984); *Matter of Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *Lacks v. Fahmi,* 623 F.2d 254, 257 (2d Cir.1980); *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.,* 441 F.2d 631, 637 (5th Cir.), *cert. denied,* 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971).

Court declines to impose sanctions on them for their equally reprehensible conduct. Teachers did not request, nor does this Court impose, sanctions upon Willkie Farr & Gallagher, defendants' New York counsel, who played no part in the California actions but were acting at the request of California counsel in the proceedings before this Court. While their role is questionable, it does not justify the imposition of sanctions.

So ordered.