Jerry DORAN

v.

**VICORP RESTAURANTS, INC., ET AL.**

No. SACV 04–506 JVS.

United States District Court, C.D. California.

June 27, 2005.

Lynn Hubbard, III, Scottlynn J. Hubbard, IV, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiffs.

Lorraine Middleton, Los Angeles, CA, for Defendants.

SELNA, District Judge.

**Proceedings:** *Defendant's Motion to Deem Plaintiff a Vexatious Litigant* (Fld 5–20–05)

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel submit on the Court's tentative ruling. The Court DENIES the defendant's motion to deem plaintiff a vexatious litigant and rules in accordance with the tentative ruling as follows:

Defendants Vicorp Restaurants, Inc. dba Bakers Square and CNL Funding 2001–A LP ("Defendants") have filed the instant motion to deem Jerry Doran ("Doran") a vexatious litigant.[1] For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Doran is a paraplegic who requires the use of a wheelchair and a mobility-equipped vehicle when traveling in public. (Compl., ¶ 7.) He allegedly visited a Bakers Square restaurant in Anaheim, California and encountered architectural barriers that denied him full and equal access to the establishment. (*Id.*, ¶ 18.) Accordingly, Doran seeks declaratory, injunctive, and monetary relief based on the following claims: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of Sections 19955 *et seq.* of California's Health and Safety Code; (3) violation of California's Unruh Act; (4) violation of California's Unfair Business Practices Act; and (5) negligence. (*Id.*, ¶ 2.)

---

**1.** The motion also sought Rule 11 sanctions against Doran's counsel, Lynn Hubbard III. The Court already has denied the sanctions request because Defendants failed to comply with Rule ll's safe harbor provision. (May 24, 2005 Order, p. 2 (*citing* FED. R. CIV. P. 11(c)(1)(A))).

Defendants point out that Doran has filed 219 similar lawsuits in California, and ask the Court to declare him vexatious. (Mot., pp. 1–2.) Upon receipt of Defendants' motion, the Court instructed Doran to answer the following five questions:

1. Of the cases filed by Doran, how many asserted violations of the ADA?

2. Of the cases identified in # 1, which cases resulted in the entry of preliminary or final injunctive relief requiring compliance with the ADA?

3. Of the cases identified in # 1, which cases proceeded to trial?

4. Of the cases identified in # 1, which cases settled without resolution by trial or dispositive motion?

5. Of the cases identified in # 4, which settled cases resulted in a contractual or other obligation to bring the defendant's or defendants' premises into conformity with the ADA?

(May 24, 2005 Order, pp. 1–2.) The responses indicated that none of the 140 cases[2] proceeded to trial, about 2% resulted in some form of injunctive relief, and all resulted in a settlement which included a contractual or other obligation to bring the defendant's premises into compliance with the ADA. (Doran Decl., Ex. A.)

## II. *LEGAL STANDARD*

 The All Writs Act, 28 U.S.C. § 1651(a), vests federal courts with the discretion to enjoin vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990) (*citing In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982)). Such orders, however, are "extraordinary

remed[ies] that should be narrowly tailored and rarely used." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir.1990); *DeLong*, 912 F.2d at 1147.

 Although the Ninth Circuit never has articulated a precise standard to be followed by courts presented with a motion to declare a litigant vexatious,[3] it has cautioned that such an order "cannot issue merely upon a showing of litigiousness." *Moy*, 906 F.2d at 470. Rather, the Court must: (1) give the plaintiff an opportunity to oppose the order; (2) indicate what court filings support issuance of the order; and (3) find that the filings were frivolous and harassing. *DeLong*, 912 F.2d at 1147–48. If the Court finds that a vexatious litigant order is proper, it must be narrowly tailored so as " 'to prevent infringement on the litigator's right of access to the courts.' " *Id.* at 1148 (*quoting Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir.1984)).

## III. *DISCUSSION*

 Another court within this district recently declared Jarek Molski, another disabled plaintiff, vexatious after finding that Mr. Molski "has plainly lied in his filings to th[e][c]ourt." *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 867 (C.D.Cal.2004). Defendants in this action attempt to analogize Doran's history of litigation to Mr. Molski's and ultimately conclude that "the Court should exercise its power to regulate Doran's litigation activities through the imposition of prefiling conditions." (Mot., p. 15.)

Two discrete issues are raised by the instant motion: (1) are represented parties

---

**2.** Although Doran has filed 219 cases, he was unable to provide information on roughly 70 of them that were filed by the Frankovich Law Firm because that firm no longer has access to the files. (Doran Decl., ¶ 22, Exh. B.)

**3.** The Second Circuit has articulated five factors for courts to consider when deciding whether a particular litigant is vexatious. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986). These factors, however, have never been adopted by the Ninth Circuit.

generally capable of being vexatious litigants; and (2) if so, is Doran a vexatious litigant? Each of these issues is addressed below.

### 1. Are Represented Parties Capable of Being Vexatious?

There is an analytical distinction between an individual acting *in pro per* who files numerous harassing and frivolous suits, as opposed to the same harassing and frivolous suits filed by an attorney. The unrepresented litigant is not subject to the same ethical rules and sanctions as his attorney counterpart. As one court has explained:

> Attorneys are governed by prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions not applicable to litigants in propria persona.

*Taliaferro v. Hoogs*, 236 Cal.App.2d 521, 527, 46 Cal.Rptr. 147 (1965). Since fewer sanctions are available against a *pro per* litigant, the power to declare him vexatious becomes an important tool for the courts to manage their dockets and prevent frivolous claims. Attorneys, on the other hand, are bound by rules of ethics [4] and-perhaps just as importantly-rely on their reputation in the community to sustain their careers. Attorneys therefore are much less likely to file frivolous claims, event absent the threat of their clients being declared vexatious litigants.

California has recognized this distinction and opted to limit its vexatious litigant statute to unrepresented parties. *See* CAL. CIV. PROC. CODE § 391(b) (defining a vexatious litigant as one who litigates *in propria persona* ); *Wolfgram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 58–59, 61 Cal.

Rptr.2d 694 (1997). *But see In re Liang–Houh Shieh*, 17 Cal.App.4th 1154, 1167, 21 Cal.Rptr.2d 886 (1993) (creating an exception where a party's attorney acts as a "mere puppet[ ]"). The legislature's decision "reflects the reality that a lawyer is often the best judge of the merits of a proposed suit." *Wolfgram*, 53 Cal.App.4th at 58, 61 Cal.Rptr.2d 694.

Although California's statute is not at issue in this case, the Court finds its rationale instructive. The Court is unaware of any Ninth Circuit decision that has found a represented party to be vexatious and, while the Circuit never has affirmatively precluded such a finding, the Court notes that only one circuit court ever has declared a represented party vexatious. *In re Hartford Textile Corp.*, 681 F.2d 895 (2d Cir.1982). The court in *Hartford Textile*, however, prefaced its decision by noting that the case "has an almost unparalleled history of frivolous and repetitious claims, motions, petitions, demands, and appeals ...." *Id.* at 896. Indeed, the facts of that case were so egregious that the Second Circuit declared both the plaintiff and her attorney vexatious, and permanently enjoined them from further litigating the action. *Id.* at 897–98.

It thus appears to the Court that a represented party ordinarily is incapable of being declared a vexatious litigant. The Court, however, need not resolve the issue because-even if a represented party can be vexatious-the Court finds that Doran is not.

### 2. Doran is Not a Vexatious Litigant

Defendants argue that Doran should be declared a vexatious litigant "because he has filed 219 lawsuits, many alleging the

---

4. Specifically, ABA Model Rule of Professional Conduct 3.1 states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous ...."

same facts and injuries in the federal courts." (Mot., p. 15.) According to Defendants, it follows that Doran is a "prolific litigant who acts in a 'vexatious and harassing' manner." (*Id.*) The Court disagrees.

Much has been written recently about the ADA and its mechanisms of enforcement. *See, e.g., Doran v. Del Taco, Inc.,* 373 F.Supp.2d 1028 (C.D.Cal.2005); *Molski,* 347 F.Supp.2d at 862–63; *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1070–71 (D.Hawai'i 2000). For purposes of this motion, it is sufficient to note that the statute creates a private right of action through which a litigant may seek injunctive relief as well as attorneys' fees and costs. 42 U.S.C. § 12188(a). While the *Molski* decision described a scheme where a disabled plaintiff acted as a "professional pawn[ ]" who lied about discrimination and resulting injuries, *Molski,* 347 F.Supp.2d at 863, 867, it does not follow that every individual who enforces the ADA is similarly vexatious.

Nor can it be said that because an attorney has chosen to specialize in an area which provides statutory attorneys fees his practice is necessarily suspect. Class actions, antitrust, and consumer protection statutes are just some of the examples where the legislature has made a determination that society will benefit from private attorneys general. The ADA is but another example.

■ Initially, the Court notes that Doran is not a vexatious litigant merely because he has filed 219 lawsuits. *Moy,* 906 F.2d at 470 (A pre-filing "injunction cannot issue merely upon a showing of litigiousness"); *Molski,* 347 F.Supp.2d at 866 ("Clearly, raising multiple claims, by itself,

is not unethical or vexatious."). Rather, the Court must "look at 'both the number *and content* of the filings as indicia' of the frivolousness of the litigant's claims." *Hennessey,* 912 F.2d at 1148 (*quoting In re Powell,* 851 F.2d 427, 431 (D.C.Cir. 1988)) (emphasis added).

The Court has reviewed Doran's Complaint in this matter and finds that it is not "patently without merit." *Moy,* 906 F.2d at 470. Significantly, Doran does not rely on unsupported allegations of Defendants' violations. Rather, he has attached as Exhibit A to the Complaint a "Preliminary Site Accessibility Report" that describes 33 specific violations that are supported by 18 photographs. (Compl., Exh. A.) Doran also sent a pre-litigation letter to Defendants notifying them of their violations and demanding them to conform to the ADA. (Opp'n, p. 16.) Moreover, Doran's counsel, Lynn Hubbard III, declares that he will not accept a disabled rights architectural barrier case unless his client (1) actually visits the premises and attempts to conduct business, and (2) presents a valid receipt evidencing the business conducted or explains why a receipt could not be obtained. (Hubbard Decl., ¶ 21.) The Court therefore is satisfied that this suit is not patently meritless.

■ Defendants, however, argue that when this suit is viewed in conjunction with Doran's other cases, it becomes obvious that they are mere boilerplate allegations that evidence "an abuse of the judicial system." [5] (Mot., p. 13.) The Court has reviewed a sampling of Doran's previous complaints that were filed by his present counsel. While those complaints do assert general, unsupported violations of the ADA, Mr. Hubbard and his firm previ-

---

**5.** There is nothing inherently wrong with boilerplate complaints-provided that counsel has conducted the appropriate inquiry under Rule 11 to ensure there is a basis for his short and plain statement of the claim, even if the language is repetitive. F.R.C.P. 8(a). The Court notes that the California Judicial Counsel has adopted form complaints in a number of areas to assist both counsel and *pro se* litigants.

ously have been sanctioned by another court for their prior practices. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 339 F.Supp.2d 1081, 1090–91 (E.D.Cal.2004) ("Accordingly, the court finds that plaintiff's counsel violated Rule 11 by filing a generic complaint with hypothetical violations, but determines that monetary sanctions are not warranted.") As explained above, however, the Complaint in the instant action is sufficiently detailed and supported by corroborating photographs. The Court assumes that Doran and his counsel have learned from the sanctions imposed in *Pickern* and will continue to file only factually supported and verifiable complaints.

Furthermore, despite the generalized allegations in his previous Complaints, Doran has confirmed that 100% of the defendants in those cases conformed to the ADA within two years. (Doran Decl., Exh. A.) Although the additional information which the Court requested on Doran is by no means a thorough analysis of his past litigation activities, it would appear that Doran's litigiousness has produced results which conform to the spirit of the ADA and its private attorney general enforcement provision. Any dissent regarding that provision is properly addressed to, and resolved by, Congress rather than the courts.

## IV. *CONCLUSION*

The Court finds no indicia of frivolousness present in this case. Defendants' motion, therefore, is denied.

## V. *CONTINUANCE OF PRETRIAL CONFERENCE DATE*

The Court continues the PreTrial Conference in this matter to July 22, 2005 at 11:00 a.m.