**Richard J. ZAEGEL, Plaintiff,**

v.

**PUBLIC FINANCE COMPANY and American Investment Company, Defendants.**

No. 78–55C(4).

United States District Court, E. D. Missouri, E. D.

May 16, 1978.

Padberg, McSweeney, Slater, Merz & Reid, Godfrey P. Padberg, St. Louis, Mo., for plaintiff.

Thompson & Mitchell, William L. Hungate and Charles A. Newman, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendants' Fed.R.Civ.P. 41(d) motion requesting the Court to order plaintiff to pay to defendants their costs incurred in a previously dismissed action filed by plaintiff and based on the same claim. Defendants also seek a stay of proceedings in the above-styled cause until said costs are paid. After consideration of the matter, it is the opinion of the Court that defendants' motion must be granted.

Plaintiff brought Cause No. 77–1210 C(2) against defendants on alleged violations of the Age Discrimination in Employment Act, filing his third amended complaint on September 15, 1977. On January 9, 1978, the Honorable H. Kenneth Wangelin dismissed plaintiff's suit for failure to comply with the Court's pre-trial order. Costs were assessed against the plaintiff in the sum of $261.00. Plaintiff refiled his suit, Cause No. 78–55 C(4) on January 11, 1978.

■ Fed.R.Civ.P. 41(d) provides that where a plaintiff who has once dismissed an action files a suit based on the same claim, the Court may order the payment of costs of the action previously dismissed and stay the proceedings until such costs are paid. The purpose of Rule 41(d) is to prevent the bringing of vexatious lawsuits. 5 Moore, Federal Practice § 41.16. While the rule generally applies to actions voluntarily dismissed by the plaintiff, there is no bar to the rule being invoked where the dismissal is involuntary. *World Athletic Sports Corporation v. Pahlavi*, 267 F.Supp. 160 (S.D.N.Y.1966), *Compania Maritima Transoceanica, S.A. v. Stevenson*, 11 F.R.D. 210 (S.D.N.Y. 1950).

■ Failure to comply with the Court's pre-trial order involves an element of voluntariness such that it is the opinion of this Court that a dismissal based on this serious breach of procedural duty warrants the use of Rule 41(d). Accordingly, plaintiff is ordered to pay to defendants the costs of his previously dismissed action, to wit, $261.00. Proceedings in this action shall be stayed until plaintiff pays said costs.