375 So.2d 16 (1979)
Robert A. SCHADE, Appellant,
v.
James M. BROWN, Catherine F. Lowe, A. Sayward Wing and Frances K. Wing, His Wife, Francelia B. Dorn, John C. Millican and Sandra C. Millican, His Wife, Appellees.
No. 78-1400.
District Court of Appeal of Florida, Third District.
August 21, 1979.
Rehearing Denied October 8, 1979.
*17 Grable & Dieguez, Hialeah, for appellant.
Proby & Adkins and Milton R. Adkins, Coral Gables, for appellees.
Before PEARSON, HENDRY and HUBBART, JJ.
PER CURIAM.
The appellant was the plaintiff in a complaint for dissolution of an alleged joint venture and for an accounting. The defendants were alleged to be the other joint venturers or their representatives. After some 16 months, he suffered an order dismissing his complaint upon the ground that he had failed to comply with former orders of the court concerning discovery.[1]
*18 The appellant Schade presents six points on appeal; the first four urge that the law does not support the action of the trial judge for various reasons, and the last two urge that it was error for the trial judge to provide that plaintiff Schade must pay the costs of this cause before filing a subsequent suit seeking the same relief from these defendants.
A review of the record affirmatively shows that (1) appellant did not obey direct orders to make discovery; (2) at the scheduled hearing on defendants' motion to dismiss for plaintiff's failure to obey the orders of the court, plaintiff presented no valid reason why sanctions should not be imposed. The order of dismissal without prejudice is fully authorized by Fla.R.Civ.P. 1.380(b), and we find no abuse of discretion under the facts of this case. See Rashard v. Cappiali, 171 So.2d 581 (Fla. 3d DCA 1965); Webber v. Brickley, 239 So.2d 633 (Fla. 3d DCA 1970).
The second issue is whether the trial judge abused his discretion in providing that the costs of the instant cause must be paid before the plaintiff can refile his cause of action. It should be noted that appellant does not question the trial judge's authority to make the provision in the order. See Fla.R.Civ.P. 1.380(b)(2)(F). Appellant urges that under the circumstances of this case the trial judge should have shown some mercy and less adherence to the rules. We must decline to reverse on that basis. See Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976). While, as held in Gordon, the abatement order is required after a voluntary dismissal, we think that the rules make the order at least discretionary with the trial judge after an involuntary dismissal. We find no abuse of discretion on this record.
Lastly, appellant argues that the taxation of the cost to defendants for an auditing of the trust in response to the demands of plaintiff's complaint was improper. Such judgments are best left to the trial court. We cannot say from this distance that the allowance was either unauthorized or improper. See del Real v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975).
Affirmed.
NOTES
[1] The order of dismissal is as follows:

"THIS CAUSE came on to be heard at time of pretrial conference on the motion of JAMES M. BROWN, CATHERINE F. LOWE, A. SAYWARD WING and FRANCES K. WING, his wife, FRANCELIA B. DORN, and JOHN C. MILLICAN and SANDRA C. MILLICAN, his wife, to dismiss "Complaint for Dissolution of Joint Venture and Accounting" for failure to prosecute and failure to discover; "Motion to Enter Default on Counterclaim"; and "Motion to Declare Request for Admissions Dated March 2, 1978 as Admitted," the Court being advised in the premises by counsel for the plaintiff/counter-defendant and all defendants as well as the counterplaintiffs, the Court finding that the plaintiff has failed to comply with former orders of this Court concerning discovery, and no good reason has been advanced for the failure of the plaintiff to discover, it being just so to do, it is
"ORDERED:
"1. The complaint for dissolution of joint venture and accounting is dismissed without prejudice.
"2. The Court reserves jurisdiction for the purpose of taxing costs and, on proper motion made, costs will be taxed in favor of the moving defendants and against the plaintiff which costs, when taxed, shall be paid by the plaintiff prior to the time that the plaintiff may file a new complaint against anyone or all of the defendants.
"3. The motion to enter default on counterclaim is denied.
"4. The motion to declare request for admissions dated March 2, 1978, as admitted is moot."