SCHEB, Chief Judge.
Maria DeLuca challenges the trial court’s order dismissing her suit against Walter Harriman and Pedro Vasallo for lack of prosecution. We agree that her suit was improperly dismissed, and we reverse.
In September 1976 Ms. DeLuca sued Jer-nigan Trucking.Company, lessee, and American Bankers Insurance Company, insurer, seeking damages for injuries she suffered as a result of a vehicular accident which occurred on May 16. During the trial of that cause in July 1978, DeLuca took a nonsuit as authorized by Florida Rule of Civil Procedure 1.420(a).
On November 1, 1978, DeLuca filed a second suit seeking damages for her injuries. This time she named Walter Harri-man, driver, and Pedro Vasallo, owner, as defendants. Shortly thereafter Jernigan and American Bankers, the defendants in the prior suit, moved the court to enter a cost judgment against DeLuca in the prior litigation. The court granted the motion and entered a cost judgment against DeLu-ca on January 2, 1979. Thereafter, American Bankers, defendants in the first suit, moved to abate DeLuca’s second suit until she paid the cost judgment in the suit where she sued American Bankers, and on March 6, 1979, the trial court entered an order abating the second suit “until DeLuca paid the cost judgment in the prior suit.”
On May 14,1980, approximately fourteen months later, DeLuca tendered payment of the judgment without interest, and filed an amended complaint against Harriman, driver, and Vasallo, owner/lessor, as well as against Jernigan, lessee, and American Bankers, insurer for lessee, the defendants in the initial action. On May 27 Harriman and Vasallo moved to dismiss DeLuca’s second suit pursuant to Florida Rule of Civil Procedure 1.420(e), which provides for dismissal for lack of prosecution where no record activity has taken place for at least a year.[1] On August 27 the trial court dismissed the second suit against Harriman and Vasallo for DeLuca’s failure to prosecute. This appeal ensued.[2]
Florida Rule of Civil Procedure 1.420(a) provides for a broad right of voluntary dismissal for the plaintiff, which, in a majority of cases, the plaintiff would use for tactical advantages. However, section (d) of the *1207 rule provides that the litigant who benefits from exercise of this right must bear the cost of instituting the first action by requiring the litigant to pay the costs incurred by the defendant in the first action prior to commencing another law suit against the same adverse party. The rule also provides that the court shall stay any further proceedings between the parties until the party seeking affirmative relief has complied with the order for payment of costs.
On the other hand, where a voluntary dismissal is taken against one defendant and suit is instituted against another, the plaintiff is not using a voluntary dismissal as a tactical tool to enforce that party’s rights against the first defendant. Therefore, the rationale of the rule, to require the plaintiff to bear the cost of using a voluntary dismissal as a tactical tool against a particular defendant, is inapplicable. Accordingly, the rule applies only when the adverse parties are identical.
In the instant case, American Bankers moved for an order of abatement in the plaintiff’s suit against Harriman and Vasal-lo. At that time, American Bankers had not been named as a defendant in the second suit. American Bankers advised the court that it was obligated to defend the new action as its insurance coverage to Jernigan extended to Harriman and Vasal-lo. Therefore, American Bankers argued that it was a real party in interest and as such was entitled to the rule’s application.
The clear language of the rule requires identity of the adverse parties and to apply the rule merely because there is some relationship between the first and second defendants would raise definitional problems making the rule’s application uncertain.
Therefore, as the rule requires identity of adverse parties, and as the defendants in the second suit were not identical to those in the first suit, the trial court erred in entering its order of abatement. Fla.R. Civ.P. 1.420(d). See Field v. Nelson, 380 So.2d 547 (Fla.2d DCA 1980).
Inasmuch as the trial court entered an order abating the second suit, it was not incumbent upon DeLuca to pursue any further record activity.
Accordingly, we vacate the order of dismissal as to Harriman and Vasallo and remand for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.

. Jernigan and American Bankers also filed a motion to dismiss and/or strike on the same date which the court apparently considered. However, since the court did not dispose of that motion in its order of August 27, 1980, our opinion addresses only the dismissal of DeLu-ca’s suit against Harriman and Vasallo.

. DeLuca petitioned this court for a writ of common law certiorari contending that the trial court, in dismissing her case for lack of prosecution, departed from the essential requirements of the law. Pursuant to Florida Rule of Appellate Procedure 9.040(c), we accepted De-Luca’s timely filed petition as a notice of appeal from the order of August 27, 1980, dismissing her action against Harriman and Vasallo.