BASKIN, Judge.
Dr. Collins and his wife sued George Holland to recover for injuries sustained when Holland’s dog bit Dr. Collins while he shopped in Holland’s furniture store. Because appellants failed to substitute the personal representative following Holland’s death, the case was dismissed. Dr. Collins then refiled his claim naming the personal representative of Holland’s estate; his wife pursued her derivative claim. In response to appellees’ motion for stay, predicated upon appellants’ failure to pay the costs’ judgment, appellants paid $780.95, the costs incurred in the initial action.
Appellees then filed an Offer of Judgment which appellants accepted. Dr. and Mrs. Collins asked the court to tax costs in their favor, including reimbursement of the costs they had been required to pay in connection with the first proceeding. The trial court granted the motion only insofar as it pertained to the $82 in costs incurred in the second action.
We reverse the order denying appellants’ request for reimbursement upon our holding that the costs of the initial lawsuit constituted “accrued costs” within the meaning of Florida Rule of Civil Procedure 1.442:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody. (Emphasis added).
*1099 Costs pertaining to discovery materials are generally recoverable by the prevailing party. Gordon International Advertising, Inc. v. Charlotte County Land & Title Co., 170 So.2d 59 (Fla. 3d DCA 1965); § 57.041, Fla.Stat. (1979). To penalize a successful litigant for accepting an offer of judgment would controvert the purpose of Florida Rule of Civil Procedure 1.442, favoring settlements. White v. Cowles Florida Broadcasting, Inc., 361 So.2d 821 (Fla. 1st DCA 1979).
Reversed and remanded for further proceedings.