Lawrence William Steinberg, Beverly Hills, Cal., for plaintiff-appellant.

**Roland HACOPIAN, Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF LABOR, United States Department of Justice, Defendants-Appellees.**

**No. 81–5963.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1983.

Decided July 5, 1983.

Before SKOPIL, NELSON and CANBY, Circuit Judges.

NELSON, Circuit Judge:

Appellant Hacopian seeks review of the dismissal of his Freedom of Information Act suit by the district court. The suit was dismissed on the ground that Hacopian had not paid the costs assessed against him in previous similar actions against the same defendants. We hold that a court has the inherent power to dismiss a case for the nonpayment of costs in a prior involuntarily dismissed action that made the same claim. In this instance, we must remand the case to the district court for a determination of whether the earlier suits involved the same claim made here.

### FACTS AND PROCEDURAL BACKGROUND

Between 1973 and 1975, Hacopian was injured in his employment as a postal worker. His benefits under the Federal Employees Compensation Act were denied in 1980, and he brings this claim for access to relat-

ed documents under the Freedom of Information Act, 5 U.S.C. § 552 (1976 & Supp. V 1981), and the Privacy Act, 5 U.S.C. § 552a (1976 & Supp. V 1981). In response to the Government's motion, the trial court stayed this action pending payment of costs assessed against Hacopian in three prior actions, *Hacopian v. Secretary of Labor,* CV–78–0953–DWW, *Hacopian v. Departments of Labor & Justice,* CV–79–4915–DWW, and *Hacopian v. Departments of Justice & Labor,* CV–79–2875–TJH. When the costs were not paid within a specified period, the action was dismissed without prejudice to refiling if Hacopian satisfied the costs assessed in CV–78–0953–DWW and CV–79–4915–DWW. Hacopian brings this appeal.

## ISSUES

I. Can an action based on or including the same claim as a prior action be dismissed for nonpayment of costs in the prior action if that action was not voluntarily dismissed?

II. Did the court below properly dismiss the case?

We review the district court's exercise of the powers of stay and dismissal *de novo* as a question of law. *E.g., In re Howell,* 638 F.2d 81, 82 (9th Cir.1980).

## DISCUSSION

I. *The District Court's Power to Dismiss for Nonpayment of Costs in a Prior Involuntarily Dismissed Action*

■ Hacopian contends that the district court lacked the authority to dismiss the case. Hacopian relies on Federal Rule of Civil Procedure 41(d), arguing that a dismissal for the nonpayment of costs in a prior action is proper only where that action

was voluntarily dismissed.[1] The Government argues that the Rule does not limit a court's power, and that Hacopian's dismissal may be justified under a court's inherent power.[2] We find that there is ample precedent holding that a court has the inherent power to dismiss under the circumstances of this case.

Courts have consistently found the power to dismiss an action for nonpayment of costs in a prior action to be part of the inherent power of the courts. In *Henderson v. Griffin,* 30 U.S. 151, 8 L.Ed. 79 (5 Pet. 1831), the Supreme Court affirmed an order that the successors in interest to a prior unsuccessful plaintiff could have their action stayed because of the nonpayment of costs in the earlier action. Justice Baldwin's opinion relies on an "inherent power" rationale. 30 U.S. at 157–58, 8 L.Ed. at 81 ("[This] was a case which by the rules and practice of all Courts authorized the order made by the Circuit Court.") The Court's rationale was one of protecting the defendant by whatever means the lower court finds appropriate:

Costs had accrued to the defendant by a suit brought and prosecuted by the plaintiffs in this suit, in the name of those who had no right to the land. It was perfectly consistent with the justice of the case, that when these plaintiffs sued the same defendant in their own name, for the same land, they should reimburse him for the past costs to which they had subjected him before they should be permitted to proceed further. Rules of this kind are granted by Courts to meet the justice and exigencies of cases as they occur, not depending solely on the interest which those who are subjected to such rules may have in the subject matter of suits which they bring and prosecute in the

---

1. Rule 41(d) provides:
   If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

   Fed.R.Civ.P. 41(d).

2. The Government alternatively argues that the All Writs Act, 28 U.S.C. § 1651(a) (1976), authorizes a dismissal in a case like this one. Because our decision relies on the inherent power of a court, we need not address the scope of the All Writs Act.

names of others; but on a variety of circumstances which in the exercise of a sound discretion may furnish a proper ground for their interference. A rule on A. to pay the costs of a suit in the name of B. is no judicial decision that he had any interest in the subject, or that it was identical with one afterwards brought by A. in his own name for the same property. It is the exercise of a summary power to compel what under the circumstances of the particular case the Court consider to be justice to a party in defending himself against an unfounded claim. The case before the Circuit Court was a proper one for the exercise of their discretionary powers, but their rule can have no possible bearing on the question in issue between the parties in the action.

30 U.S. at 158, 8 L.Ed. at 81–82.

This case was followed in an 1895 Circuit Court decision, *Kimble v. Western Union Telephone Co.,* 70 F. 888 (C.C.D.Del.1895), and in a 1939 decision in the Second Circuit, *Weidenfeld v. Pacific Improvement Co.,* 101 F.2d 699 (2d Cir.1939) (Augustus Hand, J.). Both decisions followed *Henderson* in basing the decision on the inherent power of the court. *Weidenfeld* was issued after the 1938 effective date of the Federal Rules of Civil Procedure, and may be presumed to have considered the existence of Rule 41(d). That case clearly presents the rationale for allowing a dismissal under these circumstances:

> The stay was granted in accordance with a well settled practice whereby a second action cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid. This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter.

*Id.* at 700 (citations omitted).

Moore's Federal Practice adopts the position that the court's power should not be limited by Rule 41(d):

The fact that Rule 41(d) deals only with the situation where plaintiff's prior dismissal was *voluntary* does not preclude the court, in the exercise of a sound discretion, from staying plaintiff's action pending payment of costs in a prior action where the dismissal was involuntary. J. Moore, *Federal Practice,* ¶ 41.16 at 226–27 (2d ed. 1982) (footnote omitted). Wright & Miller's *Federal Pleading and Practice* questions this view, arguing that there are additional possibilities of harassment if a plaintiff cannot be restrained from voluntarily dismissing a suit and refiling it without paying costs assessed in the dismissed action. C. Wright & A. Miller, *Federal Pleading and Practice* § 2375 at 246 (1971). Three district courts have followed Moore's. *Zaegel v. Public Finance Co.,* 79 F.R.D. 58 (E.D.Mo.1978); *World Athletic Sports Corp. v. Pahlavi,* 267 F.Supp. 160 (S.D.N.Y.1966); *Gainey v. Brotherhood of Railway & Steamship Clerks,* 34 F.R.D. 8, 12 (E.D.Pa.1963); We are convinced by the authorities discussed above that a court should have the power to dismiss under the circumstances of this case. The dangers of harassment and vexatious litigation are not necessarily less significant in cases of involuntary dismissal than in cases covered by Rule 41(d). For example, a dismissal for failure to prosecute, as occurred in one of Hacopian's prior lawsuits, may result from plaintiff's intentional conduct fully as much as a voluntary dismissal. The sanction of dismissal for nonpayment of costs in a prior involuntarily dismissed action can therefore be an important power for the district court in preventing harassment and vexatious litigation. We accordingly hold that an action based on or including the same claim as a prior involuntarily dismissed action may be dismissed for the nonpayment of costs in the prior action.

II. *The District Court's Decision to Dismiss*

■ Hacopian does not contest that he did not pay the costs assessed against him in the prior cases on which the district court relied. The district court, however, did not find that this action includes the same claim as the prior cases relied upon. It appears

that at least one of the cases, CV–78–0953–DWW, was not brought under the Freedom of Information Act, the sole authority for the present suit. We therefore reverse the dismissal and remand for a determination as to whether this case makes a claim included in one of Hacopian's earlier suits. If so, a dismissal should be entered. If not, the court should conduct such further proceedings as are appropriate.

REVERSED AND REMANDED.