470 So.2d 747 (1985)
McArthur DAIRY, INC., Armando Madrigal, and Florencio Aldo Madrigal, Appellants/Cross-Appellees,
v.
Olga GUILLEN and Cecilio Guillen, Her Husband, Appellees/Cross-Appellants.
Nos. 84-909, 84-1428.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Rehearing Denied July 1, 1985.
*748 Dube' and Wright and Richard M. Gale, Miami, for appellants/cross-appellees.
Jon W. Burke and Linda Dakis, Miami, for appellees/cross-appellants.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The only question in this case which we find merits our attention is the one presented on the plaintiffs' cross-appeal, namely, whether a plaintiff who has once voluntarily dismissed an action and, pursuant to Florida Rule of Civil Procedure 1.420(d), paid costs to the defendant as a requisite to maintaining a second action seeking the same relief can recover any of these costs upon prevailing in the second action.[1] We answer this thus-far unanswered question affirmatively and reverse the order below which denied the recovery of such costs.
Florida Rule of Civil Procedure 1.420(d) provides:
"Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order."
The purpose of this rule requiring that costs of a voluntarily dismissed action be paid as a predicate to renewing the action is to insure that the plaintiff "bear the cost of using a voluntary dismissal as a tactical tool against a particular defendant." DeLuca v. Harriman, 402 So.2d 1205, 1207 (Fla. 2d DCA 1981), rev. denied, 412 So.2d 465 (Fla. 1982). The rule, which has "the obvious salutary effect of discouraging repeated lawsuits on the same claim ...," Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234, 1235-36 (Fla. 4th DCA 1976), is designed to deter plaintiffs from using the voluntary dismissal rule to harass defendants. See Hacopian v. United States Department of Labor, 709 F.2d 1295 (9th Cir.1983).[2] We believe *749 that the Rule's abuse-prevention purpose is not disserved by permitting an ultimately successful plaintiff to recoup the costs of the earlier dismissed action which he has been compelled by the rule to pay.
While we recognize that the complete forfeiture of the costs of the dismissed action no matter what the outcome of the later tried action could also serve to deter plaintiffs from using the voluntary dismissal as a tool to harass, it seems to us that, given the vast array of legitimate and nonvexatious reasons a plaintiff may have for voluntarily dismissing an action, such an extreme sanction is unwarranted. Moreover, to deprive a plaintiff who ultimately prevails in a lawsuit from recouping the costs earlier paid by him as the price of his voluntary dismissal not only is in derogation of the law providing that the prevailing party shall recover costs, see § 57.041, Fla. Stat., but gives a windfall to the losing party.
We therefore hold that a plaintiff is entitled to recover those costs paid to a defendant which would have been expended by the defendant even if the case had not been voluntarily dismissed ab initio. Correlatively, we think it only fair, and thus hold, that where the plaintiff's voluntary dismissal causes a duplication in the defendant's costs, the plaintiff is not entitled to those costs, since the defendant would not have incurred them but for the voluntary dismissal. Thus, for example, if the plaintiff's action is voluntarily dismissed after the defendant has expended trial witness fees and like costs relating to the trial, such costs, because they must be expended again at a second trial, are a consequence of the voluntary dismissal and should not be recovered by the plaintiff, notwithstanding that the plaintiff ultimately prevails. On the other hand, if the defendant has been paid for the cost of taking a witness deposition, a cost which need not be incurred again in preparation for the second action, the prevailing plaintiff should recover this cost which he has been forced to pay to the defendant.
This view that the costs which the plaintiff's voluntary dismissal caused the defendant to expend are the sole costs that the plaintiff may not recoup is not unlike the view taken by federal courts, construing the non-mandatory federal rule, that the costs which the plaintiff's voluntary dismissal caused the defendant to expend are the sole costs that the plaintiff will be required to pay as a predicate to maintaining a second action. See, e.g., McLaughlin v. Cheshire, 676 F.2d 855 (D.C. Cir.1982). In McLaughlin, the court held that where a plaintiff voluntarily dismissed an action in one forum to pursue the action against the defendant in another forum, the plaintiff was required to pay the defendant costs for only those items which could not be used in the second action. The court's rationale that "[d]efendants do not suffer harm from having to pay the full costs of defending an action in a proper forum, and plaintiffs should not be forced to pay for work that is being or will be used against them in ongoing litigation," 676 F.2d at 857, applies with equal force to the question in the present case of what costs the plaintiff should be permitted to get back once he has paid them as the price of taking a voluntary dismissal.
Lastly, we believe that Collins v. Holland, 409 So.2d 1097 (Fla. 3d DCA 1982), implicitly calls for the result we reach. In Collins, this court examined the related but distinct issue of whether a plaintiff who paid costs to the defendant following an involuntary dismissal as a prerequisite to a second action could recover that reimbursement upon accepting an offer of judgment in resolution of the second action. *750 Reversing the trial court's order denying plaintiff's request for reimbursement, we explained that "[t]o penalize a successful litigant for accepting an offer of judgment would controvert the purpose of Florida Rule of Civil Procedure 1.442, favoring settlements." 409 So.2d at 1099. Implicit in the holding that the acceptance of an offer of judgment is no bar to the recovery of these costs is that such costs are ordinarily recoverable by any prevailing plaintiff.
In the present case, the lower court denied plaintiffs' request to recover the costs paid to the defendant under Rule 1.420(d) without determining which of these costs would have been expended by the defendants in the defense of the action absent the voluntary dismissal (thus recoverable by the plaintiffs) and which resulted from the voluntary dismissal (thus not recoverable by the plaintiffs). The case is remanded for this determination.
Affirmed on the main appeal; remanded for further proceedings on the cross-appeal.
NOTES
[1] The issue in this case is not jurisdictional. The question here is not whether the trial court in the second action has the jurisdiction to undo the payment from the plaintiff to the defendant prior to the second action, but whether the trial judge can award, as costs to the prevailing plaintiff in the second action, those moneys paid by the plaintiff to the defendant as a prerequisite to the second action. Indeed, the trial judge in the second action plainly does not have jurisdiction to award any costs with respect to the first action other than those specified in 1.420(d).
[2] In Hacopian, the court, considering Federal Rule of Civil Procedure 41(d), the analogue to Florida Rule of Civil Procedure 1.420(d), held that "[t]he dangers of harassment and vexatious litigation are not necessarily less significant in cases of involuntary dismissal than in cases covered by Rule 41(d) ... [and thus] an action based on or including the same claim as a prior involuntarily dismissed action may be dismissed for the nonpayment of costs in the prior action." Id. at 1297 (emphasis added). Similarly, in Schade v. Brown, 375 So.2d 16 (Fla. 3d DCA 1979), this court held that where the initial action was involuntarily dismissed, it was within the trial court's discretion to abate a second action pending the plaintiff's payment of costs of the initial action.