566 So.2d 316 (1990)
William Michael DOLAN and Della Elaine Dolan, His Wife, Appellants,
v.
HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, a Florida Corp., Midland Insurance Co., and Florida Steel Corp., Appellees.
No. 88-1529.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
Denying Rehearing and Certification September 28, 1990.
*317 Christian D. Searcy of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Frank G. Cibula, Jr. of Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellees-Hartford Ins. Co. of the Southeast and Florida Steel Corp.
STONE, Judge.
We reverse an order dismissing this personal injury claim for lack of prosecution. One of the defendants, Midland Insurance, was placed in liquidation and an order was entered in the Second Circuit, Leon County, appointing the State of Florida Department of Insurance as ancillary receiver. That order was entered in April of 1986, and included the following indefinite stay provision:[1]
23. All persons, corporations or associations within the jurisdiction of this Court are hereby enjoined and restrained from commencing, maintaining or further prosecuting any action at law or in equity or other proceeding against Respondent of the Ancillary Receiver.
The appellants were notified of this order eleven months prior to the defendants' motions to dismiss. However, they did not record a copy of the order, as required, with the clerk of the trial court. Midland attached a copy as an exhibit to its motion to dismiss, filed shortly after the motion by the other appellees. The order under review dismisses the claim as to Florida Steel and Hartford but is silent as to Midland.
Rule 1.420(e), Florida Rules of Civil Procedure, reads:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing ... has occurred for a period of one year shall be dismissed ... unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause ...
It is undisputed that the stay order was binding and effective as to causes of actions during the entire period of inactivity in this case.
An action effectively stayed as to a party, whether by court order or automatic stay, should not be dismissed for failure to prosecute. Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas County, Inc., 522 So.2d 465 (Fla. 4th DCA 1988); Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA), appeal dismissed, 419 So.2d 1199 (1982). In Personalized Air Conditioning, Inc., this court also recognized that an action may not be dismissed for failure to prosecute notwithstanding a delay in formal filing of a notice of the stay until after the motion to dismiss.
We recognize, as asserted by appellees, that both the Bowman and Personalized Air Conditioning cases involved automatic stays in bankruptcy. However, we can discern no reason to apply a different standard to the court ordered stay in this case. Obviously, the proper procedure is to file a copy of the stay order and abate the action. Cf. Togo's Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988). But an automatic dismissal under rule 1.420(e) is not the proper sanction for failure to do so. We note that Midland could also file the notice. Several options other than automatic dismissal remain available to avert possible prejudice to a defendant, such as an order requiring plaintiffs to dismiss the insolvent defendant or to seek *318 relief from the receiver or the circuit court in Tallahassee.[2]
There is no need to address the other issues raised. The order of dismissal is reversed and the cause remanded for further proceedings.
WARNER and POLEN, JJ., concur.
NOTES
[1] We note that subsequently section 631.041, Florida Statutes, has been amended to provide for an automatic stay in proceedings under section 631.031, Florida Statutes.
[2] The incident in this suit occurred during the period, prior to October 1982, when joinder of the insurers was authorized. See generally, section 627.7262, Florida Statutes, for the present provision. The appellees have also asserted several other arguments concerning the status of the two appellee insurance companies vis-a-vis the insured and each other. However, we will not consider matters outside of the record in this regard.