978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara MASTERS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Nov. 2, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Masters appeals pro se from the Tax Court's dismissal of her petition for a redetermination of deficiencies for tax years 1985-1988, arguing that the court erred by concluding that her petition failed to state a claim and by assessing a $10,000 penalty against her. The government argues, inter alia, that this appeal should be dismissed because of Masters's failure to pay sanctions imposed in previous litigation. We affirm the dismissal and award the government double costs and attorney's fees on appeal.
 
 
 3
 A trial court has the inherent power to dismiss an action not only for a party's failure to comply with an order of that court, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 61 U.S.L.W. 3284 (U.S., Oct. 13, 1992), but also for engaging in abusive litigation practices. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir.1987). Thus, "[c]ourts have consistently found the power to dismiss an action for nonpayment of costs in a prior action" so long as the action is "based on or includ[es] the same claim as a prior involuntarily dismissed action[.]" Hacopian v. United States Dep't of Labor, 709 F.2d 1295, 1296, 1297 (9th Cir.1983).
 
 
 4
 While we sympathize with the government's position, it is not clear from this record whether all of the arguments advanced and the issues raised by Masters in the instant action in support of her various claims are identical to those asserted in her earlier litigation with the Internal Revenue Service. Although we could remand for a determination on this issue, see Hacopian, 709 F.2d at 1298, we conclude that it would be in the best interests of judicial economy to reach the merits of this appeal.
 
 
 5
 Masters concedes that she was employed during tax years 1985-1988 and that she "received just compensation for her mental and physical labor[.]" ER at 8. Accordingly, her contentions that her wages are not income and that she is not liable for any taxes thereon are frivolous. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Moreover, her argument that it is a violation of due process to place the burden of proof on her to show that she is not subject to federal taxation is equally meritless. See id. Finally, her petition for redetermination was frivolous and appears to have been filed primarily for purposes of delay. See 26 U.S.C. § 6673. We therefore hold that the Tax Court properly imposed a penalty on her. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). Because Masters's remaining arguments are just as frivolous as her contention that wages are not income, the decision of the Tax Court must be affirmed.
 
 
 6
 The government has requested that costs and fees be imposed as a sanction for bringing a frivolous appeal. In light of the clearly frivolous nature of this appeal, we impose sanctions of double costs and award the government $1,500 in attorney's fees. See 28 U.S.C. § 1912; Fed.R.App.P. 38; Wilcox, 848 F.2d at 1009.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3