629 So.2d 258 (1993)
Belle TARKEN, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 93-1138.
District Court of Appeal of Florida, Third District.
December 14, 1993.
Rehearing Denied January 11, 1994.
Bennett S. Cohn, West Palm Beach, for appellant.
Papy & Weissenborn and Charles Papy, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
NESBITT, Judge.
On January 24, 1992, Belle Tarken filed a personal injury action against the Department of Transportation (DOT). DOT filed a motion to stay proceedings on February 11, 1992, based upon the fact that the same case had been voluntarily dismissed and an outstanding cost judgment against Tarken remained unpaid. On February 19, 1992, the lower court entered the order granting DOT's motion to stay. On March 26, 1993, DOT moved to dismiss for lack of prosecution. We affirm the lower court's dismissal of the case by order dated April 19, 1993.
The instant case requires the application of Florida Rule of Civil Procedure 1.420 which provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
Tarken argues that the trial court's order staying proceedings pending payment of costs became the basis for the exception to the one (1) year time limit for failure to prosecute. We agree with the department's position that the lower court acted reasonably, where the appellant had failed to take any action regarding the case for a full year after entry of the court-ordered stay.
Tarken cites Dolan v. Hartford Insurance Co., 566 So.2d 316, 317 (Fla. 4th DCA 1990), *259 review denied, 577 So.2d 1326 (Fla. 1991) and cases cited therein for the proposition that an effectively stayed action should not be dismissed for failure to prosecute. Dolan, however, dealt with an indefinite stay of proceedings over which the parties had no control. In the instant case, one of the litigants had complete control over the stay issued. As the trial court observed:
Rule 1.420(3) requires plaintiff to take some action to advance the cause within one year. Plaintiff could have paid the costs and proceeded. Plaintiff could have sought to set aside the stay because she lacked the funds to pay and was therefore being denied access to the courts.
Here, the plaintiff should not be permitted to extend the one-year period when the progress of her case was completely within her own control. Berenyi v. Halifax Hosp. Medical Ctr., 498 So.2d 655 (Fla. 5th DCA 1986). Thus, we conclude the instant stay did not preclude dismissal for lack of prosecution.
Important policy reasons prompt the instant affirmance. First, the motion to dismiss for want of prosecution implements a critical policy of the state to see that litigation is progressed with reasonable dispatch. If a party like the appellant can gain the benefit of being placed in this position, then the statute of limitations will toll and the case can go on interminably. Additionally, to hold otherwise would have the effect of giving a litigant an opportunity to hope there is a favorable change in the law, and by this delay, to gain an advantage in some aspect of his case.
Accordingly, the order under review is affirmed.