PER CURIAM.
This appeal follows from a final order of dismissal for lack of prosecution of Daniel J. Zbin’s legal malpractice claim against Morton & Parker, a law firm partnership, Oliver A. Parker, individually, and the Estate of Ches-ley V. Morton.
In April 1990, appellant filed an amended complaint in the legal malpractice action. Anne Morton, the personal representative for Morton Estate, moved to dismiss the civil *887 complaint based on appellant’s alleged failure timely to file a statement of claim with the probate court. On January 14,1991, the trial court, treating the motion to dismiss as a motion to abate, entered an order abating the malpractice claim until such time as the probate court determined whether appellant had made a timely claim against the Estate. The probate court ultimately ruled in favor of the Estate. Appellant sought review of the probate court’s decision in this court which affirmed the lower tribunal. Appellant exhausted his right of appeal when the supreme court rendered its dismissal of appellant’s cause on October 29, 1992. See Estate of Morton, 605 So.2d 86 (Fla. 4th DCA), rev. dismissed, 613 So.2d 7 (Fla.1992).
In the interim, on October 6, 1992, the trial court dismissed appellant’s malpractice claim for lack of prosecution. On September 21, 1992, the trial court upon its own motion entered a show cause order requiring that appellant file a written response why the civil action should not be dismissed for lack of prosecution. The order further provided that the trial court would conduct a good cause hearing on October 6, 1992. The record reflects, however, that the trial court did not mail the show cause order until September 28, 1992, two days before appellant was to submit his written response. Appellant contends the order was not received until October 22,1992, the date the trial court filed its order of dismissal, because it was sent to the wrong address. Appellant’s attorney had moved offices and had filed a notice of change of address with the probate court, but, he did not notify the civil division of the change. Although appellant’s attorney had a duty to notify the trial court of his address change, we consider the attorney’s action to be excusable neglect and insufficient to penalize appellant with the dismissal of his claim. See State Dep’t of Transp. v. Plunske, 267 So.2d 337, 338 (Fla. 4th DCA 1972).
Additionally, it appears the trial court violated its own abatement order when it dismissed the malpractice claim before expiration of the abatement period. We conclude that the order entered on January 14, 1991, constituted a stay order contemplated by rule 1.420(e), Florida Rules of Civil Procedure.[1] Once the trial court entered the stay order, appellant did not have to pursue any further record activity in the malpractice case. De Luca v. Harriman, 402 So.2d 1205, 1207 (Fla. 2d DCA 1981). The trial court should not have dismissed the properly stayed action for lack of prosecution. See Dolan v. Hartford Inc. Co. of the Southeast, 566 So.2d 316 (Fla. 4th DCA 1990).
Accordingly, we reverse the order of dismissal and remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.
DELL, C.J., STONE, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.

. Rule 1.420(e), Florida Rules of Civil Procedure, reads in pertinent part:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order or court, or otherwise has occurred for a period of 1 year shall be dismissed ... unless a stipulation staying the action is approved by the court or a stay order has been filed....