COPE, Judge,
concurring.
I join the majority opinion. I agree that the question of whether the case should be dismissed for lack of prosecution cannot be considered at this time. Because that issue may recur at the conclusion of the case, it bears comment.
Plaintiff-respondent Brown voluntarily dismissed her lawsuit against petitioner-defendants The Hertz Corporation, Yanesia Adkins, and Patricia Wright. Plaintiff refiled the case. Defendants moved for a stay of the action under Florida Rule of Civil Procedure 1.420(d) pending assessment and payment of the costs of the first action. A cost judgment was entered for $26,859. Plaintiffs request to defer payment of costs from the first ease until the end of the second ease was denied.
Thereafter, approximately one year expired without record activity. The court issued an order to show cause why the action should not be dismissed for failure to prosecute.[1] Plaintiff argued that because of limited financial means, she had not been able to raise the money to pay the $26,859 cost judgment, but she was about to complete the necessary arrangements. She argued that difficulty in raising the money constituted good cause for the lack of record activity. The trial court agreed and declined to dismiss the case. The court set a deadline for plaintiff to pay the $26,859 amount.
Defendants argued alternatively that the $26,859 amount was an inadequate amount to justify lifting the Rule 1.420(d) stay. Defendants reasoned that the cost judgment bore interest and that the plaintiff would be obliged to pay both the principal amount and the $5,828 interest thereon before being allowed to proceed. The trial court ruled that the plaintiff must pay the $26,859 cost amount, but deferred payment of interest until the conclusion of the second lawsuit.
The defendants petitioned for certiorari, seeking review of the order deferring interest. I concur with the majority’s analysis of that issue.
The defendants also requested certiorari review of the trial court’s decision not to dismiss the case for failure to prosecute. The majority opinion quite properly declines to reach that issue, because the order denying dismissal for failure to prosecute is not an appealable order, nor is it reviewable here by certiorari. Southwinds Riding Academy v. Schneider, 507 So.2d 782, 783-84 (Fla. 3d DCA 1987).
However, if plaintiff wins at trial, the court’s refusal to dismiss for failure to prosecute will undoubtedly be raised as a point on appeal from the final judgment. Consequently, I comment on the issue at this time.
Defendants argue that the case must be dismissed for failure to prosecute under authority of Tarken v. State Department of Transportation, 629 So.2d 258 (Fla. 3d DCA 1993). That argument appears to be correct — but I suggest that Tarken is wrongly decided.
In Tarken, the defendant had obtained a stay of the second-filed case until such time as the plaintiff paid the cost order from the first-filed, voluntarily-dismissed case. After the stay was entered, more than one year elapsed without record activity. The trial court granted a motion to dismiss for failure to prosecute and this court affirmed. This court reasoned that the plaintiff had to pay *932 the cost order within one year, or plaintiff “could have sought to set aside the stay because she lacked the funds to pay and was therefore being denied access to the courts.”[2] Id. at 259.
In my view, Tarken was wrongly decided on the issue of failure to prosecute. That is so because Rule 1.420(e), which governs failure to prosecute, contains several express exceptions. One of the explicit exceptions is that an action is not subject to dismissal for failure to prosecute where “a stay order has been filed_” Fla. R. Civ. P. 1.420(e). In Tarken, as in the present case, a stay order was entered by request of defendant. Under the plain words of Rule 1.420(e), once the action was stayed, it was not subject to dismissal for failure to prosecute.[3]
Notwithstanding the language of the rule, Tarken held that a stayed action could be dismissed for failure to prosecute. That is contrary to what the rule says, and apparently contrary to the Florida Supreme Court’s position in Psychiatric Associates v. Siegel, 610 So.2d 419, 426 (Fla.1992).
Litigants should be able to rely on the rules as written. We should revisit Tarken at an appropriate time. I concur with the concern in Tarken that a stayed action should not remain on the calendar indefinitely. However, that problem can be addressed, if need be, by having the court impose a reasonable deadline for the payment of the cost order. The advantage of that approach is that it informs the plaintiff of the deadline before, rather than after, the time has expired.[4]

. So far as the present record reveals, the order to show cause was issued after less than one year had expired, but the hearing was held after more than one year had expired. See generally Barnett Bank v. Fleming, 508 So.2d 718 (Fla.1987).

. I am skeptical that this portion of Tarken can be squared with Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), which states, "Where a nondismissing party seeks costs under this rule [1.420(d)], a court is without authority to defer assessment pending disposition of a subsequent action." id. at 258.

. If stay orders pending payment of costs are to be excluded from Rule 1.420(e), then Rule 1.420(e) should be amended to say so.

. In support of the trial court’s order, plaintiff argues that the court was authorized to defer payment of the interest amount based on plaintiff's inability to pay it. However, that argument is contradicted by the plaintiff's assurance that she had arranged for payment of the $26,859 cost award, and simply needed more time to accomplish it. The record strongly suggests, and the plaintiff assures us, that the $26,859 cost award has now been paid. See also supra note 2.