TAYLOR, J.
The Julianos, personal injury plaintiffs below, appeal a final judgment dismissing their complaint for lack of prosecution.
In 1995 the appellants filed suit against appellees to recover for injuries sustained in an automobile accident. On January 13, 1997, the appellants voluntarily dismissed the suit. Later the trial court granted appellees’ motion for costs and attorneys’ fees. On January 31, 1997, the appellants filed a new complaint against the appel-lees, arising from the same accident. Ap-pellee, Independent Fire Insurance (Independent), moved to stay the proceedings pending the appellants’ payment of the costs incurred in the previous suit. The motion was filed pursuant to Fla. R. Civ. P. 1.420(d), which provides:
Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as its may deem proper and shall stay the -proceedings in the action until the party seeking affirmative relief has complied with the order.
(Emphasis supplied). On March 4, 1997 the court entered an order granting the stay pending payment of costs associated with the previously dismissed case.
On March 10, 1998, while the'stay was still in effect, Independent filed a motion to dismiss for lack of prosecution, pursuant to Florida Rule of Civil Procedure 1.420(e). Rule 1.420(e) provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a , party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at léast 5 days before the hearing on the motion why the action should remain ending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
(Emphasis supplied).
Appellants argued that the trial court’s stay order provided an exception to the one year time limit for failure to prosecute. The court, however, rejected their position and granted Independent’s motion to dismiss, relying on Tarken v. State, Department of Transportation, 629 So.2d 258 (Fla. 3d DCA 1993).
*256 In Tarken, the defendant obtained an order staying the second-filed personal injury case until such time as the plaintiff paid an outstanding cost judgment from the first voluntarily dismissed ease. After the stay was entered and after more than a year elapsed without record activity, the defendant moved to dismiss the case. The third district affirmed the trial court’s dismissal for lack of prosecution. The court noted the important policy consideration underlying Rule 1.420(e) for prompt resolution of litigation and expressed concern about permitting the plaintiff to extend the one-year period “when the progress of her case was completely within her own control.” Id. at 259.
Though similar, the facts in this ease differ from those in Tarken in one significant aspect. In Tarken the defendant obtained a cost judgment, which remained unpaid at the time the trial court stayed and ultimately dismissed the plaintiffs suit. Here, although the appellees filed motions to tax costs from the first lawsuit, they did not obtain an order or judgment actually awarding such costs prior to obtaining the stay or seeking dismissal for lack of prosecution. Consequently, the appellants were never put on notice of the precise amount of costs due to appellees from the previous lawsuit. Unlike the Tarken plaintiff, who failed to pay costs reduced to a judgment during the pen-dency of the stay, the appellants herein lacked “control” over the stayed action, since the appellees failed to take the necessary steps to obtain a cost award setting the amount for them to pay. Thus, the policy concerns expressed in Tarken are not implicated in this case.
Accordingly, we reverse the order of dismissal for lack of prosecution and remand for further proceedings.
REVERSED and REMANDED.
WARNER, C.J., and DELL, J., concur.