RAMIREZ, J.
Appellant, Peter Billington, plaintiff below, appeals the denial of his motion to tax costs which accrued in a previous involuntarily dismissed action. Because we find that the trial court lacked jurisdiction and authority to award the costs which Billington incurred in the previously dismissed action, we affirm.
In 1997, Billington sued appellee, L.B.A. Associates, Inc., defendant below, to recover damages for breach of contract. The parties concluded discovery, including depositions, and the case was set for trial. When Billington was unable to attend the scheduled trial, the trial court involuntarily dismissed the case. Billington refiled the action in 1999 and also filed an agreed motion to adopt the pleadings, motions, orders, discovery, exhibits, and other papers filed or served in the 1997 action. The trial court granted Billington’s motion to adopt, tried the ease without a jury, and subsequently entered judgment in Billing-ton’s favor. At trial, both parties used the depositions incorporated from the 1997 action. Billington filed a Motion to Tax Costs for deposition costs incurred and accrued in the 1997 action, as well as the costs incurred and accrued in the 1999 action. The trial court awarded the costs accrued in the 1999 action, but denied any award for costs in the 1997 action stating that it had no jurisdiction to award any costs in that action, other than those specified in rule 1.420(d), Florida Rules of Civil Procedure.[1] In denying the award for costs, the trial court also relied upon McArthur Dairy v. Guillen, 470 So.2d 747 (Fla. 3d DCA 1985).
Litigation on the issue of costs incurred in dismissed actions usually involves a defendant moving for costs against the plaintiff whose action was dismissed. There are understandably no reported cases dealing with the issue before us: a plaintiff seeking to recover the costs incurred in its dismissed action. McArthur Dairy, supra, involved a plaintiff who voluntarily dismissed the action and, pursuant to rule 1.420(d), paid defendant’s costs as a prerequisite to maintaining a second action seeking the same relief.[2] This court held that a plaintiff was “entitled to recover those costs paid to a defendant which *1153 would have been expended by the defendant even if the case had not been voluntarily dismissed ab initio.” Id. at 749. In so holding, this court recognized that the trial judge in the second action “plainly does not have jurisdiction to award any costs with respect to the first action other than those specified in 1.420(d).” Id. at 748 n. 1.
A cost award must be made in the same action in which a - dismissal is obtained. See Winford Lindsay and Assocs., Inc. v. Cook, 687 So.2d 72, 73 (Fla. 5th DCA 1994). In Roundtree v. Hartford Accident & Indem., 827 So.2d 882 (Fla. 3d DCA 1976), we invalidated an award of costs to a defendant made in the second action for costs incurred in an earlier action. This court made clear that any costs based upon rule 1.420(d) had to be assessed and a judgment entered in the first action. We relied on the language in the rule that provides for “costs in any case dismissed thereunder shall be assessed and judgment for costs entered in that action.” Id. at 883. See also Winford Lindsay, supra, 637 So.2d at 73 (“As the rule indicates, a cost award must be made in the same action in which the dismissal was obtained.”). The same lack of authority applies where, as here, the plaintiff is the one seeking to recover the costs incurred in the first action.
Billington argues that an exception should be carved in this case based on the agreed motion and order to adopt the pleadings, motions, orders, discovery, exhibits, and other papers, filed or served in the 1997 action. We disagree. Both the motion and order are silent on the subject of costs. Unless the parties explicitly agree that the costs should carry to the second action and be awarded to whomever prevails, costs incurred in the first action cannot be awarded in the second action.
Affirmed.

. Rule 1.420(d) provides:
Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order, (emphasis added).

. The court relied on Hacopian v. United States Dep’t of Labor, 709 F.2d 1295 (9th Cir.1983), which interpreted Fed.R.Civ.P. 41(d), as "the analogue to Florida Rule of Civil Procedure 1.420(d)” in order to treat both involuntarily and voluntarily dismissed actions the same. See McArthur Dairy, 470 So.2d at 748 n. 2. We see no reason to treat, voluntarily and involuntarily dismissed actions differently in this context.