# Third District Court of Appeal

**State of Florida**

Opinion filed January 4, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-1436
Lower Tribunal No. 10-01987

————————————

**Pedro Gomez, etc., et al.,**
Appellants,

vs.

**State Farm Florida Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Peckar & Abramson, and Ralf R. Rodriguez and K. Stefan Chin, for appellants.

Russo Appellate Firm, P.A., and Elizabeth Russo and Kevin D. Franz; Chimpoulis Hunter & Lynn, P.A., and Brian Hunter (Plantation), for appellee.

Before LAGOA and LOGUE, JJ., and SHEPHERD, Senior Judge.

LAGOA, J.

Appellants, Pedro Gomez and Yolanda Valdes (collectively "Appellants"), appeal from the trial court's denial of their Motion to Vacate Order of Dismissal for Lack of Prosecution. Because a Stay Order entered by a prior trial court judge was in effect at the time the order of dismissal was entered, we reverse and remand for reinstatement of Appellants' complaint.

I.    FACTUAL AND PROCEDURAL HISTORY

On January 13, 2010, Appellants filed a complaint against State Farm Insurance Company ("State Farm"), Appellants' property insurer (hereinafter, the "Insurance Case"). State Farm filed its answer and the case proceeded with discovery.

On April 18, 2011, Appellants filed in federal court a voluntary bankruptcy petition under Chapter 7 (hereinafter, the "Bankruptcy Case"). The bankruptcy petition schedules listed the Insurance Case against State Farm as a potential asset, and that case became the property of the bankruptcy estate. On April 20, 2011, Appellants filed a suggestion of bankruptcy in the Insurance Case and, on that same day, the trial court *sua sponte* entered a stay order stating, "pending further order from the Bankruptcy Court" (hereinafter, the "Stay Order").

On February 25, 2015, the Trustee in the Bankruptcy Case filed a Trustee's Verified Notice of Abandonment of the Insurance Case. The Notice of Abandonment is self-executing upon the expiration of the 21-day period for

objections. Because no objections were filed, the claim was deemed abandoned without necessity of a court order on March 17, 2015.

Subsequently, Appellants' counsel contacted State Farm's counsel to discuss ending the Stay Order and recommencing litigation in the Insurance Case. During that conversation, State Farm's counsel informed Appellants' counsel that the case had been dismissed in 2013. Appellants' counsel had no knowledge of the dismissal.

A review of the record shows that on July 9, 2013, the trial court scheduled a case management conference in the Insurance Case for August 16, 2013 and notified the parties via e-mail.[1] The trial judge now sitting in the division where the Insurance Case was pending was the successor to the trial judge who entered the Stay Order in 2011. Appellants' counsel did not attend the case management conference and an Order of Dismissal without prejudice was entered on August 19, 2013. At the time of the entry of the Order, the trial court was unaware of the Stay Order previously entered by the prior trial judge. At the time of the entry of the August 19, 2013 Order of Dismissal, the Stay Order had not been dismissed or vacated.

Upon learning of the dismissal, Appellants' counsel filed a Motion to Vacate Order of Dismissal and to Reopen Case ("Motion") based upon two grounds: (1)

---

[1] The Order Setting Case Management Conference was a notice setting a case management conference for 81 separately listed cases. Three separate pages of email addresses followed the notice.

Appellants never received notice of the case management conference and/or the Order of Dismissal and therefore their due process rights were violated; and (2) the Order of Dismissal was inconsistent with the Stay Order.

In support of the Motion, Appellants' counsel filed two uncontested affidavits, which established that Appellants' counsel did not receive either the order setting the case management conference or the subsequent order dismissing the case. The undisputed record evidence also established that at the time the e-mails were sent by the trial court, Appellants' counsel's firm was migrating over to a new Unified Messaging System and the e-mails did not make it through to either counsel's Exchange server or Outlook files.[2] The unrebutted evidence established that counsel for Appellant "never received the e-mail from the Court regarding the Case Management Conference set for August 16, 2013 or any subsequent e-mail regarding the Dismissal Order, in his Outlook in-box."

At the hearing on the motion, the trial court acknowledged "that there was a stay in place that I did not know about."[3] Following a hearing on the motion, the trial court denied the motion, and this appeal ensued.

---

[2] The Network Technician for the law firm of Appellants' counsel testified that he "was unable to locate any e-mails from the Court regarding the Case Management Conference set for August 16, 2013 or the Dismissal Order in the Exchange server, or in [Appellants' counsel's] Outlook files, or in any system internal to the Network."

[3] It is unclear from the record why State Farm's counsel, who attended the case management conference, did not bring the Stay Order to the trial court's attention prior to the entry of the Order of Dismissal.

II.  ANALYSIS

Rule 1.420(e), Florida Rules of Civil Procedure, states in pertinent part as follows:

> **Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, **and no order staying the action has been issued** nor stipulation for stay approved by the court . . . the court may serve notice to all parties that no such activity has occurred.  If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion . . . .

(emphasis added).

Here, it is uncontroverted that the Stay Order staying the action was entered by the division's prior judge, and it is further uncontroverted that the Stay Order was in effect at the time the Order of Dismissal was entered for lack of prosecution.  The trial court's entry of dismissal for lack of prosecution while the Stay Order was in effect directly contravenes the express language of Rule 1.420(e).  Dismissal for lack of prosecution is not permitted under Rule 1.420(e) if a stay order has been issued by the trial court.  Indeed, once the trial court entered the Stay Order, Appellants did not have to pursue any further activity in the Insurance Case to prevent a dismissal for lack of prosecution.  See Zbin v. Parker, 647 So. 2d 886, 887 (Fla. 4th DCA 1994) (reversing final order of dismissal for

5

lack of prosecution as prior order abating case constituted a stay order contemplated by Rule 1.420(e), Fla. R. Civ. P., and plaintiff did not have to pursue any further record activity in order to avoid dismissal for want of prosecution); See also Bekins Van Lines v. Schaeffer, 630 So. 2d 633, 634 (Fla. 4th DCA 1994) (finding that temporary stay was sufficient to prevent dismissal for lack of prosecution); Dolan v. Hartford Ins. Co., 566 So. 2d 316, 317 (Fla 4th DCA 1990) (reversing order of dismissal and finding that action stayed as to a party, whether by court order or automatic stay, should not be dismissed for failure to prosecute). We therefore find that the trial court dismissed a properly stayed action for lack of prosecution in contravention of Rule 1.420(e).

Accordingly, we reverse the Order of Dismissal and remand the cause to the trial court for reinstatement of the complaint.

REVERSED AND REMANDED.

LOGUE, J., concurs.

SHEPHERD, Senior Judge, dissents.