FARMER, Judge.
Appellant challenges her conviction and sentence for driving under the influence resulting in manslaughter on several grounds, but we find only one dispositive and reverse.
At one point during the trial the judge overruled an objection but admonished defense counsel to give him “the courtesy of a stand” when he interposed an objection. Counsel then asked for a side-bar conference to explain that he meant no discourtesy but merely behaved as the judge had permitted in the past. To this the judge responded as follows:
THE COURT: I think it’s a matter of courtesy, and I think it’s rude to sit down and address the Court. You know, I don’t give a shit whether you like me or dislike me, or hate my guts, but you’re not going to disprespect [sic] my robe. Counsel objected to this comment in front of the jury, and asked for a mistrial, which was denied.
At another point during defense counsel’s cross-examination, the trial judge made the following comment in response to an objection:
THE COURT: If he finishes that question, I’m going to put you in contempt of court, and give you ten days in jail.
COUNSEL: I want to finish. No, they opened the door.
THE COURT: Did you hear what I said?
COUNSEL: Ten days?
THE COURT: Try me.
COUNSEL: Note my objection to the court admonishing me in that fashion, threatening contempt again in front of the jury. I move for a mistrial.
THE COURT: Motion denied. You asked for it; you’re going to get it.
COUNSEL: Not in front of the jury.
THE COURT: In front of the jury, outside the jury, out in the hallway, whatever.
On another occasion, the court said to defense counsel “You’re liable to wind up in jail with him if you keep talking out.” The record contains other exchanges suggesting a distinct hostility between the trial judge and this attorney.
With all due respect for this experienced trial judge — and, similarly, without condoning all that counsel did and said to the judge — we are convinced that the judge’s comments in the presence of the jury passed beyond acceptable allowances for impertinence by an attorney. To some extent, we discern that some of counsel’s apparent impertinency was actually provoked by the trial judge’s intemperance.
We do not share Judge Polen’s view of the transcript. As we have just suggested, defense counsel’s reactions to the judge’s conduct may have bordered on impertinence, but they do not appear to us to be belligerent, or even merely “blatantly improper.” While we agree that the state’s *1015 evidence of guilt was great, we are nevertheless unable to say that it was so great that the judge’s comments did not affect the outcome. The fact that this was a second trial and a reversal will result in a third is not any basis to avoid the issue. In our opinion, the judge’s comments and conduct were reasonably likely to create a prejudicial effect on the defendant and thus required a mistrial.
REVERSED FOR A NEW TRIAL.
ANSTEAD, J., concurs.
POLEN, J., dissents with opinion.