ANSTEAD, Judge.
The appellee, Denita Schaeffer, sued appellant, Bekins Van Lines, for allegedly losing her personal property in New York in the early 1980s. We reverse and remand for a new trial because of trial court errors in limiting and prematurely terminating Bekins’ case, and in erroneously admitting incompetent evidence on the issue of damages.
After much delay in the prosecution of this claim, Bekins moved the trial court to dismiss for lack of prosecution. The trial court denied the motion and set the cause for trial. At trial, the court allowed Schaeffer to testify at length and over objection about discussions she had with numerous appraisers and others in order to determine the value of her lost property. Thereafter, upon becoming impatient with defense counsel’s examination of her only witness, the trial judge announced that he was resting her case for her and directed the parties to immediately present their final arguments to the jury. The jury returned a substantial award for Schaef-fer.

LACK OF PROSECUTION

Initially, we find no error in the trial court’s refusal to dismiss the case for lack of prosecution. The record reflects that a few months before the dismissal was sought, counsel for Bekins sought and was granted permission to withdraw. In the order granting permission to withdraw the court temporarily stayed the proceedings for Bekins’ benefit until new counsel filed an appearance. In fact, new counsel did not appear until a limited appearance on Bekins’ behalf was filed for purposes of filing and arguing the motion to dismiss. We find the temporary stay was sufficient by itself to prevent dismissal for lack of prosecution.

*635
EVIDENCE OF VALUE

On the evidentiary issue, we conclude the trial court abused its discretion in allowing Schaeffer to testify about the value of her lost goods based upon telephone and personal conversations with others. In doing so the trial court strayed far afield from the rule allowing an owner to testify as to the value of personal property. See Trailer Ranch, Inc. v. Levine, 528 So.2d 629 (Fla. 4th DCA 1988). Here, as in Levine, Schaeffer apparently had little actual knowledge as to the value of her lost goods. Her testimony did nothing more than present the speculative opinions of non-testifying persons at unspecified times as to the possible value of the items lost.[1]

TRIAL JUDGE’S CONDUCT

We also find error in the trial court’s conduct at trial, especially in terminating Be-kins’ case on its own motion. Here, Schaef-fer’s case was presented over a period of two and one-half days. Counsel for Bekins was then given approximately forty minutes by the court to present Bekins’ case. The court announced several times that the case was going to end on the third day at 1:30 P.M. no matter what, and the court was true to its word. Also, the trial court admonished Be-kins’ counsel in the presence of the jury: “Lady, ask a question or sit down.” Prior to this remark, the trial court on its own initiative prompted and sustained numerous “objections” to Bekins’ counsel’s questions.
While we have only a cold record, it is apparent the trial court had become impatient and demonstrated its substantial displeasure in front of the jury. Although the lawyers for both sides may have given the court reason to feel the case was not moving as quickly as possible, the court could not simply terminate the ease and present it to the jury. If there was a problem with counsel’s conduct the court was obligated to declare a recess and address that problem out of the presence of the jury.
Recently, in Alley v. State, 619 So.2d 1013 (Fla. 4th DCA 1993), this court ordered a new trial based on similar judicial conduct. Judge Farmer, writing for the court noted, “the judge’s comments and conduct were reasonably likely to create a prejudicial effect on the defendant and thus required a mistrial.” Id. at 1015. We conclude the situation presented here requires a similar result. Counsel’s request for a mistrial should have been granted.
The trial is ordinarily the most important part of the judicial process and all parties are entitled to a full and fair presentation of their positions. We noted earlier that this case had been pending for several years and that it arose out of circumstances occurring years earlier. While there may have been much delay in getting the case to trial, that delay should never serve as the basis for rushing the case through trial. Such impatience and haste simply enhances the chance for error and, of course, further delay.
In accord with the above we reverse and remand for a new trial.
STONE and PARIENTE, JJ., concur.

. Ordinarily, an expert may be permitted to testify as to value. Indeed, the trial court refused to allow Schaeffer’s expert to testify because the expert was not disclosed to Bekins until the eve of trial. That ruling is not in issue.